Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety, Appellant v. Arnoldus V. Rice, III, Appellee.

Submitted on briefs April 7, 1983, to Judges BLATT, CRAIG and DOYLE, sitting as a panel of three.

*Harold H. Cramer*, Assistant Counsel, with him *Ward T. Williams*, Chief Counsel, and *Jay C. Waldman*, General Counsel, for appellant.

No appearance for appellee.

OPINION BY JUDGE DOYLE, September 6, 1983:

This is an appeal by the Department of Transportation (DOT) from an order of the Court of Common Pleas of Bucks County which reversed DOT's revocation of Appellee's driver's license. We reverse.

On June 12, 1980, DOT issued a notice of revocation to the Appellee, Arnoldus V. Rice, III under the "habitual offender" provisions of Section 1542 of the Vehicle Code.[1] Appellee appealed DOT's decision to

---

[1] 75 Pa. C. S. §1542. This section provides for a five year revocation of a "habitual offender's" license. A "habitual offender" is defined as a person who has been convicted three times within a period of five years for certain enumerated offenses. Listed among these offenses are the three offenses charged to the Appellee, consisting of violations of Sections 3367, 3731 and 3734 of the Vehicle Code, 75 Pa. C. S. §§3367, 3731 and 3734. Appellee's violations of

the Court of Common Pleas of Bucks County, which reversed the revocation, holding that DOT could not consider Appellee's participation in an Accelerated Rehabilitative Disposition (A.R.D.) program[2] as a conviction for purposes of Section 1542 of the Vehicle Code. DOT appeals the court's order reversing the license revocation.

The issue raised in this appeal has been considered by the Commonwealth Court in *Department of Transportation, Bureau of Traffic Safety v. McDevitt*, 57 Pa. Commonwealth Ct. 589, 427 A.2d 280 (1981), *aff'd* 500 Pa. 533, 458 A.2d 939 (1983), a case decided shortly after the trial court's decision in this matter.[3] In *McDevitt*, we held that participation in an A.R.D. program shall be considered a conviction for purposes of determining whether a person is a habitual offender under Section 1542 of the Vehicle Code. We find *McDevitt* indistinguishable from the present case and accordingly reverse the trial court's decision.

#### ORDER

Now, September 6, 1983, the order of the Court of Common Pleas of Bucks County in the above referenced matter, dated December 22, 1980, is hereby reversed.

---

Sections 3367 and 3734 resulted in two separate convictions, while his violation of Section 3731 was processed through the Advanced Rehabilitative Disposition program, Pa. R. Crim. P. 175-185.

[2] Pa. R. Crim. P. 175-185. Under A.R.D. a criminal defendant participates in a rehabilitation program, the successful completion of which results in a dismissal of the charges against him.

[3] The opinion of the trial court acknowledged that the Commonwealth Court had the case of *McDevitt* under consideration at the time the trial court's decision was filed on December 22, 1980. In the interests of justice, however, the Court expeditiously filed its opinion properly following the then recent Court of Common Pleas opinion in *McDevitt*.