William C. Brophy, Appellant *v.* Commonwealth of Pennsylvania, Department of Transportation, Appellee.

Argued December 11, 1985, before President Judge CRUMLISH, JR., Judges ROGERS, CRAIG, MACPHAIL, DOYLE, COLINS and PALLADINO.

*Martin Knoblaugh,* with him, *Lloyd Norris, Lloyd Norris and Associates,* for appellant.

*Harold H. Cramer,* Assistant Counsel, with him, *Spencer A. Manthorpe,* Chief Counsel, and ·Jay C. *Waldman,* General Counsel,. for appellee.

OPINION BY JUDGE COLINS, January 23, 1986:

William C. Brophy (appellant) appeals from an order of the Court of Common Pleas of Philadelphia County, which affirmed an order of the Department of Transportation (DOT), revoking his driver's license for five years pursuant to the habitual offender provisions of Section 1542 of the Motor Vehicle Code (Code).[1]

Section 1542 of the Code provides:

(a) General rule—the department shall revoke the operating privilege of any person found to be a habitual offender pursuant to the provisions of this section. A 'habitual offender' shall be any person whose driving record ... shows that such person has accumulated the requisite number of convictions for the separate and distinct offenses described and enumerated in subsection (b) ...

(b) Offenses enumerated—Three convictions ... shall result in [a designation] as a habitual offender ...

(c) Accelerated Rehabilitative Disposition as an offense—Acceptance of Accelerated Rehabilitative Disposition for any offense enumerated ... shall be considered an offense for the purposes of this section.[2]

In this case, the appellant committed three offenses, one of which was appellant's participation in an ARD program, which is considered an offense for purposes of §1542(c) of the Code, quoted above.

Appellant posits two issues before this Court. He first contends that his participation in an ARD should not be considered an offense for determining his status

[1] 75 Pa. C. S. §1542.
[2] *Id.*

as a habitual offender under the Code. As noted above, the Code specifically provides that such participation shall be considered an offense; therefore, it is clear that participation in an ARD is an offense for determining habitual offender status. *Department of Transportation, Bureau of Traffic Safety v. McDevitt,* 57 Pa. Commonwealth Ct. 589, 427 A.2d 280 (1981), *aff'd per curiam* 500 Pa. 532, 459 A.2d 939 (1983).

Appellant additionally contends before this Court that because he was never informed, upon his acceptance of the ARD program, that such acceptance and participation would later be used in determining whether he was a habitual offender under the Code, his license should now be reinstated. This is essentially a due process argument, with the appellant asserting that he was not afforded due process rights under the Constitution.

The identical issue was posed to this Court in the companion case of *Brewster v. Department of Transportation,* 94 Pa. Commonwealth Ct. 277, 503 A.2d 1010 (1986). In *Brewster* we held that appellant's due process rights were adequately protected by the de novo hearing in the Court of Common Pleas, and that due process does not require that appellant be informed of the civil implications and consequences of acceptance of an ARD program, essentially a criminal matter. *Brewster* is controlling here. Therefore, we hold that appellant was afforded all of his due process rights. The trial court is affirmed.

### Order

And Now, January 23, 1986, the order of the Court of Common Pleas of Philadelphia County, No. 4827 January Term, 1984, dated March 27, 1984, is affirmed.