507 A.2d 1239

**COMMONWEALTH of Pennsylvania, Appellant,**

**v.**

**John Michael POTTS.**

Superior Court of Pennsylvania.

Submitted Feb. 20, 1986.

Filed April 15, 1986.

Joel M. Kaufman, Assistant District Attorney, Pittsburgh, for Com.

M. Alberts, Pittsburgh, for appellee.

Before BROSKY, OLSZEWSKI and POPOVICH, JJ.

BROSKY, Judge.

This is an appeal by the Commonwealth, pursuant to 75 Pa.C.S. § 3731 (e)(4), from the judgment of sentence imposed after appellee pleaded guilty to driving under the influence of alcohol, 75 Pa.C.S. § 3731 (a). The Commonwealth contends that by sentencing appellee to 48 hours imprisonment and imposing a $300.00 fine, the trial court violated the mandatory sentencing requirements of 75 Pa.

C.S. § 3731 (e)(1)(ii), which calls for a minimum term of imprisonment of not less than 30 days for violators with a previous conviction under the section. We agree and remand for resentencing.

■ Appellee was arrested for drunk driving on February 13, 1984 and submitted to a breathalyzer test which registered a blood alcohol content level of .26%, more than twice the legal limit. At trial, appellee pleaded guilty to a charge of driving under the influence and the trial court sentenced him at the same proceeding. When asked by the trial court whether this offense was appellee's first, the Commonwealth answered that appellee had completed ARD under the new act and that, for sentencing purposes, the instant offense would be appellee's second. However, the trial court immediately responded:

> THE COURT: No. ARD is not a conviction as far as this Court is concerned. CC8401934A wherein this actor pled guilty to one count of violation of the Motor Vehicle Code, now towit, the 7th day of June, 1984, the defendant in open Court with counsel is sentenced to undergo not less than 48 hours in the Allegheny County Jail; pay costs of prosecution, and pay $300 to the use of Allegheny County, and undergo alcoholic evaluation.

This was clearly a misapplication of the law by the trial court. 75 Pa.C.S. § 3731 (e)(2) defines the term conviction for sentencing purposes under the act:

> *Acceptance of Accelerated Rehabilitative Disposition* or any other form of preliminary disposition of any charge brought under this section *shall be considered a first conviction* for the purpose of computing whether a subsequent conviction of a violation of this section shall be considered a second, third, fourth, or subsequent conviction.

(Emphasis added). Thus, it is clear that appellee's ARD in 1983 rendered him a second offender for sentencing pur-

poses. See *Commonwealth v. Frost*, 342 Pa.Super. 173, 492 A.2d 448 (1985).

In its opinion prepared for our review under Pa.R.A.P. Rule 1925, the trial court seeks to support its erroneous sentence by claiming that the Commonwealth did not sufficiently prove that appellee's ARD program commenced on May 6, 1983.[1] We cannot agree. It should be noted that the entire proceeding in front of the trial court, including the court's acceptance of appellee's guilty plea, produced a transcript only four pages in length. It is apparent on the face of the record that the trial court did not allow the Commonwealth to provide *any* evidence with regard to appellee's prior ARD although that evidence would have been forthcoming. Because of the trial court's action, the May 6, 1983 starting date for that ARD was not mentioned until the Commonwealth petitioned the trial court for a modification of sentence in accordance with the act.

■ In this case, the trial court was aware of appellee's prior ARD and failed to recognize it as a prior offense. This was error because a trial court has no discretion to ignore the mandates of the statute. *Commonwealth v. Pryor*, 347 Pa.Super. 239, 500 A.2d 811 (1985).

Appellee claims that the trial court did not err in failing to consider his prior ARD, because the information against him did not contain an averment of prior conviction. This argument has been rejected in this Court's recent *en banc* opinion in *Commonwealth v. Reagan*, 348 Pa.Super. 589, 502 A.2d 702 (1985).

Judgment of sentence vacated and case remanded for resentencing in accordance with § 3731 (e)(1)(ii). Jurisdiction is relinquished.

1. In *Commonwealth v. Godsey*, 342 Pa.Super. 24, 492 A.2d 44 (1985), we held that section 3731(e)(2) applied only to ARD cases which arose subsequent to January 15, 1983, and only these ARD cases are equivalent to a conviction for purposes of computing the penalty on subsequent convictions.