530 A.2d 888

**COMMONWEALTH of Pennsylvania, Appellant,**

**v.**

**Robert E. BECKER, Appellee.**

Superior Court of Pennsylvania.

Argued Dec. 9, 1986.

Filed Aug. 10, 1987.

Robert J. Eberhardt, Deputy District Attorney, Pittsburgh, for Com., appellant.

Before CIRILLO, President Judge, and ROWLEY, OLSZEWSKI, DEL SOLE, MONTEMURO, BECK, TAMILIA, KELLY and POPOVICH, JJ.

BECK, Judge:

The issue is whether appellee's acceptance into the Accelerated Rehabilitative Disposition (ARD) program after being charged with driving under the influence (DUI) exposes appellee to sentence as a second offender after a guilt determination on a second DUI charge. We find that the lower court erred in sentencing appellee as a first offender. Accordingly, we vacate judgment and remand for resentencing.

## I.

Appellee Robert E. Becker was first arrested on January 2, 1984 and charged with DUI. *See* Drunk Driving Act, 1982, Dec. 15 Pa.Laws 1268 No. 289, § 9, 75 Pa.Cons.Stat. Ann. § 3731 (Purdon Supp.1987). Becker was offered the opportunity to avoid prosecution on this charge by entering the ARD program. He accepted placement in ARD on August 30, 1984.

Less than a week later, on September 5, 1984, Becker was again arrested and charged with driving under the influence of alcohol. He pleaded guilty to the September offense on January 25, 1985. As a consequence, Becker may be expelled from ARD and forced to stand trial in connection with the January, 1984 incident.

On February 26, 1985, Becker was sentenced for the September offense, the second charge, by the Court of Common Pleas of Allegheny County. He was ordered to spend forty-eight hours in jail, the mandatory minimum penalty for a first offender. The Commonwealth filed a Motion to Modify Sentence on the ground that Becker should have been sentenced to at least thirty days in jail, the mandatory minimum penalty for a second offender.

The sentencing judge denied this motion. The Commonwealth appealed.[1]

## II.

All agree that appellee must be sentenced for the September offense in accordance with § 3731 of the Vehicle Code. This statute was extensively revised in 1982 in order to address the growing public concern with the crime of drunk driving. *See* Pa. House Leg. J. 1699–1754 and 1885–91 (Sept. 9, 1982, Sept. 15, 1982, Nov. 16, 1982). Section 3731(e) provides:

(1) Any person violating any of the provisions of this section is guilty of a misdemeanor of the second degree and the sentencing court shall order the person to pay a fine of not less than $300 and serve a minimum term of imprisonment of:

(i) not less than 48 consecutive hours.

(ii) not less than 30 days if a person has previously been convicted of an offense under this section or of an equivalent offense in this or other jurisdictions within the previous seven years....

(2) Acceptance of Accelerated Rehabilitative Disposition or any other form of preliminary disposition of any charge brought under this section shall be considered a first conviction for the purpose of computing whether subsequent conviction of a violation of this section shall be considered a second, third, fourth or subsequent conviction....

■ The sentencing court interpreted these provisions as meaning that only acceptance *and completion* of ARD shall be considered a first conviction. We cannot accede to

1. Section 3731(e)(4) provides:
   The Commonwealth has the right to appeal directly to the Superior Court any order of court which imposes a sentence for violation of this section which does not meet the requirements of this section. The Superior Court shall remand the case to the sentencing court for imposition of a sentence in accordance with the provisions of this section.

this view since it is inconsistent with the plain text of the Vehicle Code.

■ A fundamental principle of statutory construction is set forth at 1 Pa.Cons.Stat.Ann. § 1921(b) (Purdon Supp. 1986) (Statutory Construction Act): "When the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." Thus, "[w]hen the language of a statute is clear and unambiguous, the judiciary must read its provisions in accordance with their plain meaning and common usage." *Commonwealth v. Bell*, 512 Pa. 334, 339, 516 A.2d 1172, 1175 (1986) (construing 42 Pa.Cons.Stat.Ann. § 9712 (Purdon 1982) (Mandatory Minimum Sentencing Act)). This is true even where a penal statute is at issue and a straightforward application of the statute would subject a defendant to criminal liability. *See Commonwealth v. Duncan*, 456 Pa. 495, 321 A.2d 917 (1974); *Commonwealth v. Pope*, 455 Pa. 384, 317 A.2d 887 (1974). As the Pennsylvania Supreme Court recently noted in *Commonwealth v. Sojourner*, 513 Pa. 36, 41, 518 A.2d 1145, 1148 (1986), "Having closely examined the penalty provisions of section 3731, we are satisfied that the aforementioned provisions are clear and free from ambiguity." For this reason we read § 3731(e)(2) as meaning exactly what it says—that acceptance of ARD is sufficient to trigger an enhanced penalty upon sentencing for a subsequent offense.

The sentencing court emphasized that § 3731(e)(2) contemplates the "disposition of any charge brought under this section." It held that acceptance of ARD is not a final disposition of a charge since ARD may be revoked and the charge revived before the program is completed. *See Commonwealth v. Lutz*, 508 Pa. 297, 303, 495 A.2d 928, 931 (1985). Section 3731(e)(2), however, requires only a *preliminary* disposition of the charge and defines acceptance of ARD as a preliminary disposition. We must therefore

conclude that § 3731(e)(2) was designed to reach defendants who have failed to "graduate" from the ARD program.[2]

## III.

We emphasize that our decision in the instant case is narrow in scope. We deal here only with the proper interpretation of § 3731(e)(2). With this in mind, it is readily apparent that the straightforward application of § 3731(e)(2) is consistent with Pennsylvania case law and with the Rules of Criminal Procedure.

■ It is true that when the word "conviction" appears in a statute, it is usually taken to mean "the ascertainment of the guilt of the accused and judgment thereon by the court ..." *Commonwealth v. Minnich,* 250 Pa. 363, 367, 95 A. 565, 567 (1915). However, this technical definition of conviction should not be applied "where the intention of the legislature is obviously to the contrary ..." *Commonwealth ex rel. McClenachan v. Reading,* 336 Pa. 165, 169, 6 A.2d 776, 778 (1939). Where a statute clearly defines its terms, the fact that other legal enactments may provide alternate definitions of the same term is irrelevant. The court must construe each statute according to its internal definition. *See Commonwealth v. Lobiondo,* 501 Pa. 599,

---

**2.** This finding is in accord with the recent holding of the Kansas Supreme Court in *State v. Booze,* 238 Kan. 551, 712 P.2d 1253 (1986). *Booze* considered the effect on sentencing for DUI of prior acceptance into the Kansas diversion program—a program similar in several respects to ARD. The Kansas drunk driving statute states:

> For the purpose of determining whether a conviction is a first, second or third or subsequent conviction for the purpose of sentencing under this section, the term "conviction" includes being convicted of a violation of this section or entering into a diversion agreement in lieu of further criminal proceedings on a complaint alleging a violation of this section.

Kan.Stat.Ann. 8–1567(J)(1) (Supp.1985). The Kansas Supreme Court held:

> "[E]ntering" into a diversion agreement is a conviction for purposes of enhancing sentence. If the drafters had intended that diversion would operate as a conviction only upon its completion, they could easily have said so.

238 Kan. at 555, 712 P.2d at 1256.

603, 462 A.2d 662, 664 (1983); *Commonwealth v. Massini,* 200 Pa.Super. 257, 259, 188 A.2d 816, 817. (1963).

It is also true that under the Rules of Criminal Procedure, an individual who enters ARD is treated more leniently than one who is tried and found guilty of a crime. *See* Pa.R. Crim.P. 175–185. ARD offers the accused a unique opportunity to earn dismissal of charges. Pa.R.Crim.P. 178(1). Yet, this does not mean that § 3731(e)(2) is in conflict with the Rules. *See Commonwealth v. Scheinert,* 359 Pa.Super. 423, 424, 519 A.2d 422, 423 (1986). The text of the Rules is silent with respect to the collateral consequences of involvement in ARD upon sentencing for a subsequent offense. It is fair to assume that this silence did not preempt passage of § 3731(e)(2), since "it is the province of the legislature to determine the punishment imposable for criminal conduct." *Id.,* 359 Pa.Superior Ct. at 427, 519 A.2d at 424 (citing *Commonwealth v. Wright,* 508 Pa. 25, 40, 494 A.2d 354, 361 (1985), *aff'd sub nom. McMillan v. Pennsylvania,* 477 U.S. 79, 106 S.Ct. 2411, 91 L.Ed.2d 67 (1986)).

Furthermore, we note that our interpretation of § 3731(e)(2) is in accord with the Commonwealth Court's interpretation of 75 Pa.Cons.Stat.Ann. § 1542 (Purdon 1977), another provision of the Vehicle Code. Section § 1542(a) directs the Department of Transportation to revoke the drivers licenses of individuals who repeatedly commit certain enumerated offenses. Section 1542(c) states that for this purpose "(a)cceptance of Accelerative [sic] Rehabilitative Disposition ... shall be considered an offense ..." In *Department of Transportation, Bureau of Traffic Safety v. McDevitt,* 57 Pa.Commw. 589, 427 A.2d 280 (1981) *aff'd per curiam* 500 Pa. 532, 458 A.2d 939 (1983), the court construed these words as meaning that in this particular instance, acceptance of ARD has the same effect as conviction. *See also Brophy v. Dep't of Trans.,* 94 Pa.Commw. 310, 503 A.2d 1010 (1986); *Brewster v. Dep't. of Trans.,* 94 Pa.Commw. 277, 503 A.2d 497 (1986); *Dep't. of Trans., Bureau of Traffic Safety v. Rice,* 77 Pa.Commw.

34, 465 A.2d 68 (1983); *In re Elias*, 70 Pa.Commw. 404, 453 A.2d 372 (1982). We now follow this lead.[3]

## IV.

■ One significant consequence of § 3731(e)(2) is that a defendant who is guilty of only one crime will be sentenced as though he had twice broken the law. In the instant case, Becker has not yet been tried for allegedly driving while intoxicated in January, the first charge. If ARD is revoked, he will stand trial on this charge, and he may well be found not guilty. Nevertheless, for purposes of § 3731(e)(2), whether a defendant was guilty or innocent at the time he accepted ARD is irrelevant. All that matters is that he be duly convicted on a subsequent occasion.

This may be a harsh result, but it is a result which is mandated by the language and policy of the Vehicle Code. The General Assembly demonstrated a special concern with the ARD program, and sought to ensure that both guilty and innocent participants in that program would have cause to reflect on the serious nature of the crime of drunk driving. 75 Pa.Cons.Stat.Ann. § 3731(e)(6) states:

> Any person who accepts Accelerated Rehabilitative Disposition of any charge brought under this section shall accept as conditions the imposition of and the judge shall impose in addition to any other conditions all of the following:
>
> (i) A fee to cover costs referred to in section 1548(e) (relating to costs).

**3.** *Commonwealth v. Knepp*, 307 Pa.Super. 535, 541, 453 A.2d 1016, 1019 (1982) states as dictum that "... admission to an ARD program is not equivalent to conviction under any circumstances ..." This statement, however, is followed by a footnote which acknowledges that ARD is equivalent to a conviction under § 1542 of the Vehicle Code. 307 Pa.Super. at 541 n. 7, 453 A.2d at 1019 n. 7. *See McDevitt, supra.* Thus, the *Knepp* court recognized that a statute will sometimes create an exception to the general policy of distinguishing between conviction and acceptance of ARD. *Cf. Commonwealth v. Scheinert,* 359 Pa.Super. at 430, 519 A.2d at 426–427 (Kelly, J., concurring) (interpreting *Knepp* ).

(ii) A mandatory suspension of operating privilege for a period of not less than one month but not more than 12 months.

(iii) A condition that the defendant, as a condition to entering the program, make restitution to any person who incurred determinable financial loss as a result of the defendant's actions which resulted in a charge of violating this section.

(iv) Court supervision for any defendant required to make restitution or submit to counseling or treatment.

(v) Court supervision for a period of not less than six months when the Court Reporting Network indicates that counseling or treatment is not necessary and not less than 12 months when the Court Reporting Network indicates that counseling or treatment is in order.

75 Pa.Cons.Stat.Ann. § 1548(b) (Purdon Supp.1987) states:

In addition to any other requirements of the court, every person convicted of a violation of section 3731 and every person placed on Accelerated Rehabilitative Disposition or other preliminary disposition as a result of a charge of a violation of section 3731 shall, as a part of sentencing or as a condition of parole, probation or Accelerated Rehabilitative Disposition, be required to attend and successfully complete an approved alcohol highway safety school established pursuant to section 1549 (relating to establishment of schools).

Section 3731(e)(2) must be understood in the context of § 3731(e)(6) and § 1548(b). Those individuals who are sentenced as second offenders after entering ARD are usually men and women who have chosen to drive drunk after having been placed under court supervision, after having been enrolled in alcohol highway safety school, and after having had their operating privileges suspended. It is rational to conclude that such individuals are less easily deterred from continuing to drink and drive than first time offenders who have had no prior contact with the criminal justice system. In the view of the legislature, an additional criminal sanction is therefore in order.

In reviewing the policy behind § 3731(e)(2), it is also important to remember that a criminal suspect's election of ARD is a voluntary decision. A candidate for ARD will be rejected unless the court is satisfied that he understands the nature of the program, and unless he promises the court that he will abide by its conditions. *See* Pa.R.Crim.P. 179(a) and (d). Moreover, "[d]efendants who accept ARD for drunk driving are now told that ARD will be considered a conviction for sentencing purposes in the event of an arrest for drunk driving within the next seven years." *Commonwealth v. Frost*, 342 Pa.Super. 173, 178, 492 A.2d 448, 450 (1985).[4]

When appellee entered ARD, he struck a deal with the state in order to avoid prosecution on the initial drunk driving charge. He stood ready to accept the benefits of participating in ARD. He then violated the terms of ARD. He now seeks to avoid the predictable consequences of his actions. Under these circumstances, it does not appear that counting ARD as a prior conviction will work a manifest injustice. *Cf. McDevitt, supra* (similar reasoning).

Finally, we must bear in mind that in *Commonwealth v. Wagner*, 352 Pa.Super. 295, 507 A.2d 1237 (1986), *Commonwealth v. Potts*, 352 Pa.Super. 299, 507 A.2d 1239 (1986), and *Commonwealth v. Scheinert*, 359 Pa.Super. 423, 519 A.2d 422 (1986), this court has already held that a defendant who *completes* ARD and is later convicted of driving drunk must be sentenced as a repeat offender. In so deciding, we implicitly recognized that § 3731(e)(2) may cause a defendant who has been convicted of only one crime to be sentenced as if he were guilty of two offenses.

In *Wagner*, we found that the trial court erred when it sentenced appellee Roxanne Wagner as a first offender. The sequence of events in *Wagner* was as follows: she was arrested for driving drunk in March, 1983; she accepted

---

**4.** The record in the case before us does not contain a transcript of the hearing which preceeded appellee's formal acceptance of ARD. We do not decide whether a defendant who was not informed of § 3731(e)(2) at the time he agreed to enter ARD may be sentenced as a recidivist.

ARD and finished the program; she was arrested for driving drunk in August, 1984; she was convicted and sentenced to forty-eight hours imprisonment. One must presume that Wagner is innocent of the charge of driving drunk in 1983; since she completed ARD she will never be tried or found guilty of that alleged crime. Notwithstanding this presumption of innocence, we vacated judgment and remanded for resentencing for a minimum term of thirty days.

Unlike Roxanne Wagner, appellee Robert Becker may have an opportunity to be found not guilty by a trial court. If Becker has this opportunity it will be because he violated ARD and was expelled from the program. It would therefore be curious and ironic if we were to treat Robert Becker more leniently than we treated Roxanne Wagner. Wagner had completed ARD and had not been cited for driving while under the influence for over a year. On the other hand, Becker entered ARD and was arrested for drunk driving just six days later.

We hold that under the terms of 75 Pa.Cons.Stat.Ann. § 3731(e)(2), a defendant who is convicted of drunk driving after having accepted ARD to avoid prosecution for an earlier drunk driving charge must be sentenced as a repeat offender—whether or not he has ever completed the ARD program.[5]

## V.

In order to avoid confusion, we emphasize that this finding is not in conflict with our recent decisions in *Commonwealth v. Mourar*, 349 Pa.Super. 583, 504 A.2d 197, *allowance of appeal granted*, 511 Pa. 619, 515 A.2d 898 (1986) and *Commonwealth v. Wolfe*, 349 Pa.Super. 415, 503 A.2d

---

**5.** We refrain from engaging in a constitutional analysis of the sentencing provision because we have not had the benefit of briefing or argument on the constitutionality of § 3731(e)(2) as applied to appellee. However, we note that *Commonwealth v. Scheinert*, 359 Pa.Super. at 429, 519 A.2d at 425–426, held that § 3731(e)(2) is not a bill of attainder under U.S. Const. Art. I, § 9, and is not so fundamentally unfair as to violate due process of law under U.S. Const. Amend. XIV or Pa. Const. Art. I, § 9.

435 (1986). *Mourar* and *Wolfe* did not examine the Drunk Driving Act; those cases concerned the proper interpretation of the guidelines promulgated by the Pennsylvania Commission on Sentencing. *See* 204 Pa.Code 303.6 *reprinted at* 42 Cons.Stat.Ann. § 9721 (Purdon 1982). These guidelines do not supercede the Drunk Driving Act's mandatory minimum penalties. 75 Cons.Stat.Ann. § 3731(e)(3).

Moreover, *Mourar* and *Wolfe* involve a factual pattern which is significantly different from the facts of the case sub judice. In *Mourar* and *Wolfe*, each defendant was convicted of four offenses. Although *all four offenses were committed prior to the first conviction*, the trial courts had sentenced each defendant as a first offender for his first conviction, as a second offender for his second conviction, as a third offender for his third conviction, and as a fourth offender for his fourth conviction. We found this "geometric escalation of punishment ... to be an improper application of the sentencing guidelines." *Wolfe*, 349 Pa.Super. at 418, 503 A.2d at 436. We interpreted the guidelines as conforming to a general principle which underlies most recidivist statutes which impose criminal penalties: "prior *convictions* must antedate commission of the principal offense to be eligible for application as sentence enhancers." *Mourar*, 349 Pa.Super. at 592, 504 A.2d at 202.

Our decision today does no violence to this basic doctrine. We merely recognize that 75 Pa.Const.Stat.Ann. § 3731(e)(2) equates "acceptance of ARD" with a "conviction." Thus, it may well be that prior acceptance of ARD must antedate commission of the principle offense to be eligible for application as a sentence enhancer.

For present purposes, appellee's second charge of DUI—which occurred on September 5, 1984—is his "principal offense." As a consequence of appellee's first DUI charge, he accepted ARD on August 30, 1984—prior to the commission of this principal offense. If appellee had accepted ARD after September 5, 1984, we would be faced with a very different situation.

Similarly, nothing in this opinion indicates that if appellee is eventually convicted of the charge which led to his acceptance of ARD he must be sentenced as a recidivist at that time. Upon sentencing for that charge, his "principal offense" would be driving drunk on January 2, 1984—before he accepted ARD on August 30, 1984, and before he was convicted of a subsequent offense on January 25, 1985. We do not decide if the principle behind *Mourar* and *Wolfe* applies to the Drunk Driving Act. However, if it should apply, then any crime committed on January 2, 1984 would be counted as a first offense.

We vacate judgment of sentence and remand for resentencing in accordance with this opinion. Jurisdiction is relinquished.

KELLY, J., filed a concurring opinion and joined majority.

POPOVICH, J., concurred in the result.

CIRILLO, President Judge, filed a dissenting opinion in which DEL SOLE and TAMILIA, JJ., joined.

DEL SOLE, J., filed a dissenting opinion in which CIRILLO, President Judge, joined.

KELLY, Judge, concurring:

I join the majority opinion for the reasons set forth in *Commonwealth v. Scheinert*, 359 Pa.Super. 423, 519 A.2d 422 (1986) (Kelly, J., concurring; Cavanaugh, J., joining):

In Pennsylvania, prior unadjudicated arrests may properly be considered at sentencing provided the arrests are not regarded as establishing criminal conduct. *Commonwealth v. Shoemaker*, 226 Pa.Super. 203, 313 A.2d 342 (1973). Even arrests which resulted in acquittals may be considered at sentencing so long as the judge is aware of the acquittal. *Commonwealth v. Tisdale*, 233 Pa.Super. 77, 334 A.2d 722 (1975). Likewise, ARD participation may be considered by the sentencing judge as an appro-

priate sentencing factor. *Commonwealth v. Knepp*, [307 Pa.Super. 535, 453 A.2d 1016 (1982)].

... [i]n *Commonwealth v. Potts*, 352 Pa.Super. 299, 301, 507 A.2d 1239, 1240 (1986), this Court explained that '75 Pa.C.S.A. § 3731(e)(2) defines the term conviction for sentencing purposes under the act....' In other words, the term 'conviction' has a special meaning under the act which is separate and distinct from the ordinary meaning of the word in other contexts. *See also Commonwealth, Dept. of Trans. v. McDevitt*, 57 Pa.Cmwlth. 589, 427 A.2d 280 (1981), *aff'd* 500 Pa. 532, 458 A.2d 939 (1983) ('participation in ARD program shall be considered a conviction for purposes of determining whether a person is a habitual offender under Section 1542 of the Vehicle Code'). The legislature has not turned the nonadjudicatory ARD into a conviction. *Rather, it has designated two separate sentencing factors* (A.R.D. participation or a prior conviction) *as being equally adequate to trigger the imposition of a mandatory minimum sentence.*[4]

[4.] It is important to note that outside of the special context of the mandatory minimum sentence triggering language contained in 75 Pa.C.S.A. § 3731(e)(2) and similar legislative enactments, sentencing courts are not required to give equal weight to ARD participation and prior convictions. *See Knepp, supra.* Thus, even in a drunk driving case, the sentencing judge may accord ARD participation less weight than a prior conviction in determining whether to sentence the offender to a period of incarceration in *excess* of the statutory minimum.

359 Pa.Superior Ct. at 432, 519 A.2d at 427. (Emphasis added).

I agree with Judge Beck that the plain meaning of 75 Pa.C.S.A. § 3731(e)(2) is that *acceptance* into an ARD program and not the successful *completion* of the ARD program triggers the mandatory minimum sentence provisions. Majority Opinion, *supra* at 57–61. I also agree with Judge Beck's analysis of the legislature's rational basis for using an ARD acceptance as basis to trigger a mandatory minimum sentence. Majority Opinion, supra, at 63–64.

Drunk driving is a serious crime. The Commonwealth's interest in ending the carnage wreaked upon our highways

by drunk drivers is paramount. *Commonwealth v. Leninsky,* 360 Pa.Super. 49, 57, 519 A.2d 984, 988–89 (1986) (citing cases and statistics). Allowance of ARD in drunk driving cases is not an indication that drunk driving is a "relatively minor" crime; rather, it is an acknowledgement that drunk driving cases may involve "social and behavioral problems which can best be solved by programs and treatments rather than punishment." *See* Comment, *reprinted following* Pa.R.Crim.P. 185.

However, when the rehabilitative approach fails (as is the case when a individual who has been accepted into an ARD program is subsequently convicted of a drunk driving offense arising after admission into an ARD program), the legislature may reasonably conclude that reliance upon the punitive sanction of incarceration, rather than continued reliance on the rehabilitative approach, is warranted.

Judge Wieand stated in *Scheinert, supra:*

The law is well-settled that '[i]t is the province of the legislature to determine the punishment imposable for criminal conduct.' *Commonwealth v. Wright,* 508 Pa. 25, 40, 494 A.2d 354, 361 (1985), *affirmed sub nom, Pennsylvania v. McMillan,* 477 U.S. 79, 106 S.Ct. 2411, 91 L.Ed.2d 67 (1986). 'The legislature has the right to fix the maximum penalty and likewise can, if it sees fit, name the minimum.' *Commonwealth v. Glover,* 397 Pa. 543, 156 A.2d 114, 11 (1959).

359 Pa.Superior Ct. at 427, 519 A.2d at 424. In the instant case, I would find that prior acceptance into an ARD program is a valid sentencing factor to be considered in sentencing a defendant upon a subsequent unrelated drunk driving conviction, and that it was within the power of the legislature to designate this sentencing factor as one of two factors sufficient to trigger mandatory minimum sentence provisions.

Therefore, I join the majority opinion.

CIRILLO, President Judge:

I join the well-reasoned dissent of Judge Del Sole and would further emphasize the necessity for distinguishing

ARD acceptance from ARD completion with regard to subsequent sentencing.

The rules which establish and govern the Accelerated Rehabilitative Disposition program, Pa.R.Crim.P. 175–185, make clear that "acceptance" of ARD must be conditional upon successful completion of the program. Specifically, under Rule 181, when a defendant is accepted into ARD, charges are postponed during the term of the program. Further, Rule 184 provides that if the defendant does commit a violation, the program is terminated, and the attorney for the Commonwealth shall proceed on the charges. Finally, upon satisfactory completion and compliance with the terms of the program, a defendant may apply to the court for an order dismissing the charges pursuant to Rule 185. Therefore, the term "acceptance," as it is used in 75 Pa. C.S. § 3731(e)(2) for sentence enhancing purposes, must be interpreted only as a condition precedent to final completion of ARD, and participants may be removed from the program at any time for violation of its terms. These provisions are reiterated in § 3731(e)(7), which provides:

(7) Accelerated Rehabilitative Disposition or other preliminary disposition of any charge of violating this section may be revoked and the court shall direct the attorney for the Commonwealth to proceed on the charges as prescribed in general rules if the defendant:

(i) is charged with or commits any crime enumerated in Title 18 (relating to crimes and offenses) or in section 1542 within the probationary period;

(ii) fails to make restitution as provided for in this section;

(iii) fails to successfully complete the alcohol highway safety school required by section 1548(b);

(iv) fails to successfully complete any program of counseling or treatment, or both, required as a condition of Accelerated Rehabilitative Disposition; or

(v) violates the terms and conditions of Accelerated Rehabilitative Disposition in any other way.

This section of the statute must be construed in conjunction with the sentencing provision of § 3731(e)(2). The logical conclusion is that the legislature intended ARD "acceptance" to apply as a sentence enhancer only where the program has been successfully completed.

The language of § 3731(e)(2) itself is consistent with this interpretation. The statute provides that "acceptance *of* Accelerated Rehabilitation Disposition ...," as opposed to acceptance *"into"* the program, triggers sentence enhancement. The implication is that "acceptance" encompasses acceptance of all the terms and conditions of the program, not just acceptance into the program pursuant to Pa.R. Crim.P. 175–179 (concerning the procedure required for ARD admittance). In fact, Rule 178 provides:

**Rule 178. Hearing, Explanation of Program**

Hearing on a motion for accelerated rehabilitative disposition shall be in open court in the presence of the defendant, his attorney, the attorney for the Commonwealth, and any victims who attend. At such hearing, the defendant shall be asked on the record whether he understands that:

(1) *acceptance into and satisfactory completion of the accelerated rehabilitative disposition program offers him an opportunity to earn a dismissal of the charges pending against him;*

(2) should he fail to complete the program satisfactorily, he may be prosecuted as provided by law;

(3) he must agree that if he is accepted into the program he waives the appropriate statute of limitations and his right to a speedy trial under any applicable Federal or State constitutional provisions, statutes or rules of court during the period of enrollment in the program.

(Emphasis added).

This strengthens or emphasizes the position that ARD admittance is conditioned upon satisfactory completion of the program, as distinguished from simple acceptance into the ARD program.

Contrary to the majority's construction of § 3731(e)(2) equating "admittance" with "acceptance," there has been no preliminary disposition of the charges upon acceptance into the ARD program. Rather, those charges are merely *postponed* until the program is either successfully completed or terminated, thereby making "acceptance" conditioned upon completion or revocation, not admittance, to the program.

Moreover, the disposition of the DUI charges is determined by the ARD participant, who by his actions chooses to either successfully complete the program, or be removed from ARD due to a violation. Therefore, the statute cannot logically be interpreted to mean that immediately upon acceptance into the program, he is automatically presumed to be a second offender for subsequent sentencing purposes. Since the intent behind successful completion of ARD was rehabilitative, not punitive, see Pa.R.Crim.P. 175–185 *completion*, the sentencing provisions of § 3731(e)(7) require prosecution on the charges giving rise to ARD only if a violation of the program is committed. Once this occurs, the defendant is taken out of the ARD program and put back into the criminal justice system, as though ARD had never occurred. Thus, the defendant loses one of the crucial benefits of ARD *completion* —the opportunity to avoid criminal prosecution. In view of the intent behind ARD, and the provision requiring prosecution upon ARD revocation, mere acceptance of ARD should not qualify the defendant for second offender status. The purpose behind such sentencing is lacking. When ARD is revoked, the defendant loses the benefit of possible rehabilitation, and will now be treated the same as any other offender. Therefore, no special provisions regarding sentencing under § 3731(e)(2) are necessary, as may be the case when ARD has been completed; Upon completion, the defendant will never be tried on those charges. Although it would be consistent with this opinion for the sentencing judge to consider ARD acceptance as an appropriate sentencing factor, *see Commonwealth v. Knepp,* 307 Pa.Super. 535, 453 A.2d 1016 (1982); *Commonwealth v. Scheinert,* 359

Pa.Super. 423, 519 A.2d 422 (1986) (Kelly, J. concurring, joined by Cavanaugh, J.), mere acceptance is not sufficient for application of the mandatory penalty.

Furthermore, the majority justifies treating appellee Becker as a second offender based upon our treatment of a defendant who had *completed* ARD in *Commonwealth v. Wagner*, 352 Pa.Super. 295, 507 A.2d 1237 (1986). However, the majority assumes that defendant Wagner was innocent of the charges giving rise to ARD, since completion of the program precludes adjudication of those charges. I disagree. The majority's characterization of a defendant as innocent upon ARD completion conflicts with the penalty prescribed in § 3731(e)(2), which treats ARD participation as a *conviction* for subsequent sentencing purposes. When ARD has been completed, this penalty is in accordance with the legislative intent to treat repeat offenders more harshly after they are given the opportunity for rehabilitation through ARD. As the majority states, this court has recognized that, under the provisions of § 3731(e)(2), a defendant who has been convicted of only one crime can be sentenced as if he were guilty of two offenses, by virtue of ARD *completion.* This sentencing provision indicates a presumption that if the defendant had not participated in ARD, but rather was tried on those charges, he would be convicted. However, this issue is not even reached where ARD has been revoked, because the defendant must now be prosecuted on the original charges, and will therefore be presumed innocent. Thus, treating appellee Becker as a second offender on the instant conviction merely because he was previously accepted into ARD would serve to strip him of that presumption of innocence when he is tried on the original charges. It is precisely the fact that a defendant can never be tried on the charges if he successfully completes ARD which justifies treatment as a second offender for subsequent convictions. *Commonwealth v. Wagner*, 352 Pa.Super. 295, 507 A.2d 1237 (1986); *Commonwealth v. Scheinert*, 359 Pa.Super. 423, 519 A.2d 422 (1986) (Kelly, J., concurring, joined by Cavanaugh, J.). But where, as here, ARD is revoked, and appellee's guilt or innocence is in fact

adjudicated, there is no basis for the presumption which would treat him as a second offender on the instant conviction.

Finally, the Commonwealth should be estopped from treating appellee as a second offender on the present offense, because it chose to proceed on these charges first, despite the fact that it had already revoked appellee's ARD and can now try him on the January offense which gave rise to ARD. Had the Commonwealth tried appellee first for the January offense upon ARD revocation, then for the present offense committed in September, appellee could now properly be sentenced as a second offender, provided he was convicted of the January offense. The Commonwealth's approach, is supported by the majority, would not only create confusion as to subsequent sentencing, but further would create an unreasonable result which the legislature is presumed not to have intended. *See Fireman's Fund Insurance v. Nationwide Mutual Insurance,* 317 Pa.Super. 497, 464 A.2d 431 (1983).

First, if appellee is sentenced on these charges, then acquitted of the offense giving rise to ARD, he will have been sentenced as a second offender even though he was convicted only once. As discussed, this situation would not be problematic had appellee completed ARD, because there he would have escaped the possibility of prosecution but would be *presumed convicted* under the statute for sentencing purposes on the present conviction. However, if ARD is revoked, presumptions do not apply, because an actual adjudication of guilt or innocence will occur. But if the majority's interpretation is applied, the appellee may be punished as a second offender even if convicted only once.

Moreover, if appellee were to be sentenced on the present charges, then later convicted on the former ones, a problem arises as to sentencing on those original charges. The charges on which appellee now appeals occurred on September 5, 1984. The original charges arose on January 2, 1984, for which he was accepted into ARD on August 30, 1984. The majority, by equating ARD "acceptance" with "convic-

tion," justifies appellee's second offender status as being consistent with the principle enunciated in *Commonwealth v. Mourar*, 349 Pa.Super. 583, 504 A.2d 197, 511 Pa. 619, 515 A.2d (1986) *allowance of appeal granted*, and *Commonwealth v. Wolfe*, 349 Pa.Super. 415, 503 A.2d 435 (1986) that prior convictions must predate the commission of the principal offense to be eligible as sentence enhancers.

I believe the result of the majority's interpretation, equating ARD acceptance with conviction, would create confusion and ambiguity for sentencing in ARD revocation cases. If appellee is specifically convicted for the January incident, the result would be two convictions for the same offense; the first time by accepting ARD, the second, by actual adjudication. The majority reconciles this ambiguity by suggesting that appellee, if later convicted for the January offense, would be treated as a first offender for the September offense so as not to violate the *Mourar/Wolfe* doctrine. However, this suggestion simply ignores the conviction for the September offense and treats appellee as though ARD never occurred. This is contrary to the thrust of the opinion, which emphasizes the necessity of considering ARD as a sentence enhancer.

I believe second offender status should apply only where ARD is completed, because the sole reason for allowing ARD to be used as a sentence enhancer is the fact that appellee will never be tried on those charges. Moreover, although *Mourar* and *Wolfe* are not clear about whether a conviction must be on the record at the time the second offense is committed, or whether there must be a conviction at the time of sentencing, this is irrelevant due to the unique nature of ARD.

Both *Mourar* and *Wolfe* involved sentencing for clear episodes of criminal behavior, delivery of cocaine and burglary, respectively. ARD, however, is a unique situation where criminal conduct is not implied unless there has been a revocation. Charges may not be brought unless the participant has violated ARD, and often that violation will consist of another DUI arrest. Therefore, it is the second

offense which makes the first offense a criminal act for which charges will be brought. For instance, appellee's ARD may be revoked due to his arrest and conviction for DUI on September 5, 1984. Had he not been arrested in September, or at any other time prior to completion of ARD, charges for the January offense could never be brought and thus, the incident of January 2, 1984 would not be a criminal offense.

The better rule, applicable solely to ARD revocation cases, would clearly be to stay the proceedings on the later charge until the final disposition of the ARD revocation charges. Under this view, appellee, if convicted, would properly be treated as a first offender for the January offense, then as a second offender for the present conviction. Alternately, if appellee is acquitted of the January charges, then is convicted for the September offense, he would not be treated unfairly as a second offender, as the majority requires, but rather as a first offender.

For the foregoing reasons, I would affirm the judgment of sentence.

DEL SOLE, Judge, dissenting:

I respectfully disagree with the conclusion reached by the Majority in this case. I would hold that where one is found guilty of Driving Under the Influence in violation of 75 Pa.C.S.A. § 3731, while currently enrolled in an ARD program for a separate drunk driving indicent and that ARD enrollment is then revoked, that individual should be considered a first offender for sentencing purposes under 75 Pa.C.S.A. § 3731(e).

Appellee was placed in an Accelerated Rehabilitative Disposition program (ARD) as a result of charges having been filed against him alleging a violation of 75 Pa.C.S.A. § 3731, Driving Under the Influence of Alcohol or a Controlled Substance. Appellee's "status under the ARD program was subsequently revoked" when he violated the requirements of the program by entering a guilty plea to a separate drunk driving offense. (Trial Court Opinion at 2). The

second incident which occurred in September of 1984, was treated by the trial court as a first conviction for sentencing purposes under 75 Pa.C.S.A. § 3731(e)(1)(i). The charges which gave rise to Appellant's admission into the ARD program, which admission was later revoked, were yet to be acted upon at the time Appellee was sentenced for the September incident.

The Majority adopts the Commonwealth's position and holds that Appellee should be sentenced for the September offense as a second offender under 75 Pa.C.S.A. § 3731(e)(1)(ii), which calls for a minimum term of imprisonment of not less than 30 days for violators with a prior conviction. The Majority reaches its conclusion based, in part, on its view of the plain meaning of the relevant statute. The pertinent section of the Vehicle Code provides as follows:

> Acceptance of Accelerated Rehabilitative Disposition or any other form of preliminary disposition of any charge brought under this section shall be considered a first conviction for the purpose of computing whether a subsequent conviction of a violation of this section shall be considered a second, third, fourth or subsequent conviction.

75 Pa.C.S.A. § 3731(e)(2).

The Majority reads this language as requiring Appellee to be sentenced as a second offender based upon his prior acceptance into a program of ARD. Although words and phrases used in any legislation are to be construed according to their common meaning and accepted usage, *Fireman's Fund Insurance v. Nationwide Mut. Ins.*, 317 Pa. Super. 497, 502, 464 A.2d 431, 434 (1983), the General Assembly is presumed not to have intended a result which is absurd or unreasonable. *Id.* I believe this is the result which flows from the Majority's interpretation of the statute. In spite of the fact that Appellee has not had an accelerated rehabilitative disposition, was actually removed from the program by the Commonwealth and is awaiting action to be taken involving the first incident, the Majority

would have him receive the enhanced sentence provided for those with previous convictions.

I believe § 3731(e)(2) requires *disposition* of the charge of drunk driving.

ARD, accelerated rehabilitative disposition, is a pretrial disposition of certain cases, in which the attorney for the Commonwealth agrees to suspend prosecution for an agreed upon period of time in exchange for the defendant's successful participation in a rehabilitative program . . .

Pa.R.Crim.P. 175–185, also provides that the defendant must agree to the terms of the ARD, and that after he has completed the program successfully, the charges against him will be dismissed, upon order of court. If he does not complete and ARD successfully, he may be prosecuted for the offense with which he was charged. *Commonwealth v. Lutz,* 508 Pa. 297, 303, 495 A.2d 928, 931 (1985).

75 Pa.C.S.A. § 3731(e) provides in part:

(7) Accelerated Rehabilitative Disposition or other preliminary disposition of any charge of violating this section may be revoked and the court shall direct the attorney for the Commonwealth to proceed on the charges as prescibed in general rules if the defendant:

(i) is charged with or commits any crime enumerated in Title 18. . . .

There has been no pretrial accelerated rehabilitative disposition of Appellee's first case. Appellee was terminated from the ARD program after he pled guilty to violating the drunk driving statute in September. Appellee must now face trial on the charges stemming from the earlier incident. I believe that if Appellee is found guilty on the charges for which he had sought ARD, he could be sentenced as a second time offender. Appellee would then properly be receiving the harsh penalty which the Legislature intended for those who repeatedly violated the statute. If, however, Appellee were to be found not guilty, he would not be in the unenviable position suggested by the Majority

78

of being sentenced as a second time offender on the charges giving rise to this appeal although he had only been convicted of one violation of the statute.

In my view, if Appellee is convicted on those charges for which he sought ARD, he could be sentenced as a second time offender. If, however, he is not convicted, he will not have received undue punishment. Accordingly, I would affirm the trial court's decision to sentence Appellee as a first offender for the conviction which arose from the September incident.