J-S39009-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOLENE DANIELLE DISBROW | : | |
| | : | |
| Appellant | : | No. 746 MDA 2023 |

Appeal from the Judgment of Sentence Entered May 16, 2023
In the Court of Common Pleas of Adams County Criminal Division at
No(s):  CP-01-CR-0001257-2022

BEFORE:  DUBOW, J., McLAUGHLIN, J., and McCAFFERY, J.

MEMORANDUM BY DUBOW, J.:                    **FILED DECEMBER 26, 2023**

Appellant Jolene Danielle Disbrow appeals from the May 16, 2023 Judgment of Sentence entered by the Adams County Court of Common Pleas following her convictions related to Driving Under the Influence of Alcohol and Controlled Substances ("DUI").  She argues that the trial court erred in considering her prior acceptance into Accelerated Rehabilitative Disposition ("ARD") to be a first offense, when the court later removed her from ARD and the Commonwealth *nolle prossed* the relevant charge.  After review and based upon controlling precedent, we affirm.

The relevant facts as set forth in the parties' stipulation are as follows. At approximately 3:10 AM on July 29, 2022, a Pennsylvania State Police Trooper stopped Appellant after noticing that her passenger side headlight was inoperable.  Upon approaching the vehicle, the trooper noticed a strong order of burnt marijuana and that Appellant's eyes were glassy and bloodshot.

Ultimately, the troopers placed Appellant under arrest after she demonstrated impairment during field sobriety tests. Appellant consented to a blood draw, which revealed "a Blood Alcohol Concentration (BAC) of 0.091, active Marijuana compounds (Delta-9 THC), as well as active Marijuana metabolites (11-Hydroxy Delta-9 THC) and inactive Marijuana metabolites (Delta-9 Carboxy THC)[, and] Methamphetamine." Stipulation, 5/16/23, at ¶ 17.

The Commonwealth charged Appellant with seven counts of DUI based upon the presence of alcohol and the controlled substances, in addition to a summary violation for her inoperable headlight.[1] The Commonwealth designated the DUI offenses as second offenses based upon Appellant's prior acceptance into ARD in 2014.[2] Relevantly, Appellant entered ARD on January 22, 2014, but the court removed her from the ARD program on December 17, 2014. Ultimately, on August 18, 2015, the Commonwealth *nolle prossed* the DUI charges, and Appellant pled guilty to Recklessly Endangering Another Person. *Id.* at ¶ 19.

In the instant case, Appellant filed a Motion *in Limine* to Bar Admission of Evidence Underlying ARD for DUI Recidivist Sentencing Purposes ("Motion *in Limine*"). Appellant asserted that the Commonwealth should not have charged the current DUI offenses as second offenses, arguing that her 2014 acceptance into ARD should not be considered a prior offense given that the

_____

[1] 75 Pa.C.S. §§ 3802(a)(1), (a)(2), (d)(1)(i), (d)(1)(ii), (d)(1)(iii), (d)(2), (d)(3); 4303(a).

[2] CP-21-CR-3391-2013.

court removed her from ARD and the Commonwealth ultimately *nolle prossed* the DUI charge. She claimed that she "cannot reasonably be convicted of a 2nd offense DUI when the 1st offense was dismissed." Motion *in Limine*, 11/28/22.

On January 26, 2023, after hearing argument, the court denied the Motion *in Limine*. Based on **Commonwealth v. Bowers**, 25 A.3d 349 (Pa. Super. 2011), the court concluded that Appellant's "prior acceptance of ARD will be considered a first offense for sentencing purposes in this matter." Trial Ct. Order, 1/26/23.

On May 16, 2023, following a stipulated bench trial, the court found Appellant guilty of the seven counts of DUI, as second offenses, as well as the summary violation for the inoperable headlamp. Pursuant to the parties' agreement, the court sentenced Appellant on Count 3, DUI-Controlled Substance,[3] to 60 months of probation with restrictive DUI conditions, involving 90 days of house arrest. The other DUI convictions merged for sentencing purposes, and the court imposed a $25 fine for the summary violation, in addition to mandated fees, fines, and costs.

On May 18, 2023, Appellant filed a post-sentence motion again challenging the designation of the 2014 ARD acceptance as a prior DUI offense. The trial court denied the motion on May 18, 2023.

---

[3] 75 Pa.C.S. § 3802(d)(1)(i).

Appellant filed a Notice of Appeal on May 22, 2023. Both Appellant and the trial court complied with Pa.R.A.P. 1925. On May 23, 2023, the trial court granted Appellant's request that it stay her sentence pending appeal.

Before this Court, Appellant raises the following issue:

> Whether Appellant's prior admission into ARD, removal from ARD and then dismissal of the DUI, constitutes a prior offense for purposes of the DUI sentencing enhancement[?]

Appellant's Br. at 6.

**A.**

Appellant challenges the legality of the trial court's decision to sentence her as a second time DUI offender under the Vehicle Code. As Appellant presents a question of law, "our standard of review is *de novo*[,] and our scope of review is plenary." **Commonwealth v. Moroz**, 284 A.3d 227, 230 (Pa. Super. 2022) (citation omitted).

The Vehicle Code sets forth the penalties for DUI-Controlled Substances, which include mandatory maximum sentences that increase based upon whether the individual has one or more prior offenses. 75 Pa.C.S. § 3804. In relevant part, the Vehicle Code defines a "prior offense" as including any "acceptance of [ARD] or other form of preliminary disposition before the sentencing on the present violation for any of the following: (1) an offense under section 3802 (relating to driving under influence of alcohol or controlled substance)." 75 Pa.C.S. § 3806(a)(1). For purposes of sentencing under Section 3804, "the prior offense must have occurred: (i) within 10 years prior

to the date of the offense for which the defendant is being sentenced[.]" ***Id.*** § 3806(b)(1)(i).

ARD is a pretrial diversionary program "established to promptly resolve relatively minor cases involving social or behavioral problems which can best be solved by programs and treatments rather than by punishment." ***Commonwealth v. Jenkins***, ___ A.3d ___, 2023 WL 6885054, at *2 (Pa. Super. Oct. 19, 2023). (citations and internal quotation marks omitted).  The program offers offenders "the possibility of a clean record if they successfully complete the program."  Pa.R.Crim.P. Ch. 3, Explanatory Cmt.

"Admission to an ARD program is not a matter of right, but a privilege." ***Commonwealth v. Lutz***, 495 A.2d 928, 933 (Pa. 1985).  "A defendant may be placed in the ARD program only after he or she has requested acceptance into the program, has indicated an understanding of the proceedings, and has accepted and agreed to comply with the conditions imposed by the trial court." ***Moroz***, 284 A.3d at 231 (citation omitted).  Moreover, completion of ARD is not guaranteed.   Rather, "ARD has simply suspended the criminal proceedings, which may be reactivated upon the defendant's withdrawal or removal from the program."  ***Jenkins***, 2023 WL 6885054, at *5; ***see also*** Pa. R. Crim. P. 318.  This potential of removal followed by reactivation of the criminal process results in the situation in the case at bar, where an offender who has been accepted into ARD is later cleared of the underlying criminal charges.

Regardless of the ultimate resolution of the charges, this Court has held that Section 3806 unambiguously mandates that the relevant event for purposes of determining the existence of a "prior offense" is the offender's acceptance into ARD. **Bowers**, 25 A.3d at 353-54 (relying upon **Commonwealth v. Becker**, 530 A.2d 888, 893 (Pa. Super. 1987) (*en banc*), interpreting similar language in a predecessor statute, 75 Pa.C.S. § 3731 (repealed)). "Section 3806(b), by its clear terms, only asks whether the defendant has accepted ARD in the ten years preceding the occurrence of the present Section 3802 offense; it does not contemplate the guilt or innocence of a defendant at the time of ARD acceptance." **Id.** at 354. While recognizing the harsh result of finding an acquittal to constitute a "prior offense," the Court emphasized that any other interpretation would "require us to deviate from the statute modifying this clear directive from our General Assembly, which we cannot do."[4] **Id.**

The Court in **Bowers** additionally rejected Bower's claim that Section 3806 violated due process by equating his acquittal of DUI to a prior offense of DUI. The Court found that Section 3806's "sentencing enhancement" was not fundamentally unfair given that the offender voluntarily entered ARD after having notice that acceptance of ARD would be considered a prior DUI offense. **Id.** at 356. "These factors—advance[] notice and voluntary ARD acceptance—

---

[4] In **Bowers**, the trial court accepted Bowers into ARD but later removed him from ARD based upon new DUI charges. Ultimately, the court acquitted Bowers of the initial DUI charges for which he had accepted ARD.

support our determination that due process permits treating Bowers's ARD acceptance as a prior offense in a subsequent sentencing proceeding, despite a later acquittal on the underlying charge giving rise to ARD acceptance." **Id.**

This Court, however, arguably abrogated **Bowers** in **Commonwealth v. Chichkin**, 232 A.3d 959, 968 n.11 (Pa. Super. 2020), *overruled by* **Commonwealth v. Richards**, 284 A.3d 214 (Pa. Super. 2022) (*en banc*), *appeal granted*, 294 A.3d 300 (Pa. 2023), and **Commonwealth v. Moroz**, 284 A.3d 227 (Pa. Super. 2022) (*en banc*). In **Chichkin**, the Court reasoned that Section 3806 violated the Due Process Clause to the extent that it "define[d] a prior acceptance of ARD in a DUI case as a 'prior offense' for DUI sentencing enhancement purposes[,]" "absent proof beyond a reasonable doubt that [the defendants] committed the prior offenses.'" **Chichkin**, 232 A.3d at 971 (relying upon **Alleyne v. United States**, 570 U.S. 99, 103 (2013) (holding that "any fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt."). The decision in **Chichkin** noted that **Bowers** predated the Supreme Court's decision in **Alleyne**. **Chichkin**, 232 A.3d at 968 n.11.

As indicated, however, this Court overruled **Chichkin** in **Richards** and **Moroz**. In these *en banc* decisions, this Court held that "a defendant's prior acceptance of ARD fits within the limited 'prior conviction' exception set forth in **Apprendi** [**v. New Jersey**, 530 U.S. 466 (2000)] and **Alleyne**." **Richards**, 284 A.3d at 220. As in **Bowers**, the Court concluded that the notice provided by Section 3806 and the voluntary nature of ARD "mitigate[d]

- 7 -

the due process concerns advanced in **Chichkin**." **Id.** We conclude that the *en banc* decisions in **Richards** and **Moroz** lifted the shadow which **Chichkin** placed over the holding in **Bowers**. Thus, absent action by the Supreme Court, we are bound by **Richards**, **Moroz**, and **Bowers**.[5]

**B.**

Appellant argues that "[t]he trial court erred when it . . . sentenced Appellant to a second offense DUI when there is no first offense DUI on her record." Appellant's Br. at 9. Appellant reiterates that she "entered the ARD program, the Commonwealth then removed her from that program[,] and then the Commonwealth dismissed the DUI charge." **Id.** Appellant contends that it is absurd to read the statutory language to equate the Commonwealth's dismissal of her charge with a prior DUI offense. Invoking the arguments in **Richards**, **Moroz**, and **Chichkin**, Appellant also maintains "that a prior DUI charge which was *nolle prosed* is insufficient proof of the commission of a prior offense in violation of [**Apprendi** and **Alleyne**]." Appellant's Br. at 11. Indeed, Appellant distinguishes her case from **Richards**, **Moroz**, and **Chichkin**, emphasizing that those cases involved defendants who completed ARD, whereas the Commonwealth *nolle prossed* her charges. Appellant, however, does not confront **Bowers**, despite the trial court's express reliance on that decision.

---

[5] On March 15, 2023, the Pennsylvania Supreme Court granted review of **Richards**, 294 A.3d 300, and previously split evenly on the constitutionality of Section 3806's definition of a prior DUI offense as including acceptance into ARD in **Commonwealth v. Verbeck**, 290 A.3d 260 (Pa. 2023).

As the trial court recognized, this Court in **Bowers** held that the unambiguous language of Section 3806 looks solely to "whether the defendant has accepted ARD in the ten years preceding the occurrence of the present Section 3802 offense." **Bowers**, 25 A.3d at 354; **see also** Trial Ct. Op., 6/12/23, at 2. Moreover, while Appellant distinguishes **Richards** and **Moroz** factually from her case, given that the defendants in those cases completed ARD rather than being removed from it, she fails to explain how that distinction alters the applicability of the reasoning of those cases, which hold that the relevant portion of Section 3806 "passes constitutional muster." **Richards**, 284 A.3d at 220. Indeed, the reasoning of **Richards** and **Moroz** is based not on the completion of ARD but instead on the due process surrounding an offender's acceptance into ARD, specifically the notice provided by Section 3806 of the repercussions of entering ARD and the voluntariness of the decision to enter ARD. The trial court, therefore, properly concluded that Appellant's prior acceptance of ARD was a first offense for sentencing purposes under Section 3806(b) and that the instant DUI constituted a second offense.[6]

---

[6] Appellant also relies upon **Rickell v. Dep't of Transportation, Bureau of Driver Licensing**, 289 A.3d 1155 (Pa. Cmwlth. 2023)., which refused to consider a prior acceptance of ARD, followed by a revocation of ARD, to be a first offense. Not only is this decision of our sister court not binding on this Court, **Rickell** is also distinguishable as it involved an attempt by the Department to count the same DUI incident twice, by counting the offender's acceptance into ARD as the initial offense and the subsequent prosecution of the same incident as a second offense. **Id.** at 1161. Reliance on **Rickell**, accordingly, is inapt.

Judgment of Sentence affirmed.


Judgment Entered.


Benjamin D. Kohler, Esq.
Prothonotary


Date: 12/26/2023