453 A.2d 1016

**COMMONWEALTH of Pennsylvania**

v.

**Andrew R. KNEPP, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 20, 1982.

Filed Dec. 10, 1982.

536

538

Steven V. Manbeck, Mifflintown, for appellant.

Michael Johnston, District Attorney, Mifflintown, for Commonwealth, appellee.

Before WIEAND, CIRILLO and POPOVICH, JJ.

CIRILLO, Judge:

Appellant entered a guilty plea on January 21, 1981 to a violation of the Uniform Firearms Act[1] and two (2) counts of Recklessly endangering another person.[2] He was sentenced to pay costs of prosecution, make restitution, if any, and to not less than 1 year nor more than 2 years in prison. Post-sentence motions were denied. This is an appeal from the judgment of sentence.

On appeal, appellant challenges the legality and propriety of the sentence imposed, on the basis that the sentencing court improperly took into consideration that he had previously been in an Accelerated Rehabilitative Disposition (ARD) program,[3] resulting from a charge which had also involved a firearm. In imposing sentence, the sentencing judge stated,

> The rationale for the imposition of the sentence is that the defendant utilized a firearm in this criminal activity and previously had been involved in an ARD Program wherein firearms were involved. The offense is such that a less severe sentence would depreciate the seriousness of the offense.

1. Act of Dec. 6, 1972, P.L. 1482, No. 334 § 1, 18 Pa.C.S.A. § 6106 *et seq.*

2. Act of Dec. 6, 1972, P.L. 1482, No. 334 § 1, 18 Pa.C.S.A. § 2705.

3. Pa.R.Crim.P., Rule 175 *et seq.*

■ This court has held that the trial judge has broad discretion in imposing sentence. *Commonwealth v. Rhodes,* 272 Pa.Super. 546, 416 A.2d 1031 (1979); *Commonwealth v. Riggins,* 232 Pa.Super. 32, 332 A.2d 521 (1974); *Commonwealth v. Johnson,* 235 Pa.Super. 185, 340 A.2d 515 (1975). If the sentence imposed is within statutory limits, there is no abuse of discretion, unless the sentence is manifestly excessive so as to inflict too severe a punishment.[4] *Commonwealth v. Garrison,* 292 Pa.Super. 326, 437 A.2d 407 (1981); *Commonwealth v. Shoemaker,* 226 Pa.Super. 203, 313 A.2d 342 (1973); *Riggins, supra.* Absent an abuse of discretion, a sentence imposed by the trial court will not be disturbed on appeal. *Commonwealth v. Gillespie,* 290 Pa.Super. 336, 434 A.2d 781 (1981); *Commonwealth v. Campolei,* 284 Pa.Super. 291, 425 A.2d 818 (1981); *Commonwealth v. Landi,* 280 Pa.Super. 134, 421 A.2d 442 (1980). However, the sentence may be set aside even where it is within statutory guidelines, but the appropriate reasons for sentence do not appear on the record. *Commonwealth v. Kostka,* 276 Pa.Super. 494, 419 A.2d 566 (1980). If it appears that the trial court relied on an impermissible factor, the sentence will be rendered invalid. *Commonwealth v. Cowan,* 275 Pa.Super. 341, 418 A.2d 753 (1980); *Commonwealth v. Bethea,* 474 Pa. 571, 379 A.2d 102 (1977); *Kostka, supra.*

■ Before sentencing an individual to a term of more than one year in prison, a pre-sentence investigation and report should be made. 42 Pa.C.S.A. § 9731.[5] The contents of this report are to include a history of delinquency or

4. Appellant has not asserted that the sentence imposed exceeds statutory limits or constitutes too severe a punishment. Recklessly endangering another person is a misdemeanor of the second degree. 18 Pa.C.S.A. § 2705. In 18 Pa.C.S.A. § 106, the classes of offenses are given and appropriate sentences of imprisonment for each offense. 18 Pa.C.S.A. § 106(b)(7) states: "A crime is a misdemeanor of the second degree if it is so designated in this title or if a person convicted thereof may be sentenced to a term of imprisonment, the maximum of which is not more than two years." Therefore, it is clear that the sentence imposed by the sentencing judge was well within statutory limits.

5. Act of Dec. 30, 1974, P.L. 1052, No. 345, § 1.

criminality, and any other matters that the person preparing the report deems relevant. 42 Pa.C.S.A. § 9732.[6] The statute permits reference to be made to all arrests, whatever the disposition of the case. *Shoemaker, supra;* 42 Pa.C.S.A. § 9731 *et seq.* The information used by a judge, in imposing sentence, need not necessarily meet the standards of admissible evidence at trial. *Johnson, supra; Shoemaker, supra.* In imposing sentence, the sentencing court must consider the particular circumstances of the offense and the character of the defendant in reaching its determination. *Commonwealth v. Giffin,* 279 Pa.Super. 264, 420 A.2d 1134 (1980); *Commonwealth v. Goldbard,* 276 Pa.Super. 193, 419 A.2d 161 (1980). In addition, the sentencing judge must make a brief statement of his reasons for the sentence being imposed and the factors that he considered in reaching his determination. *Commonwealth v. Allen,* 287 Pa.Super. 88, 429 A.2d 1113 (1981); *Commonwealth v. Andrews,* 282 Pa.Super. 115, 422 A.2d 855 (1980); *Campolei, supra.*

■ In this case, the trial judge properly ordered a presentencing report. The contents of the report as prescribed by 42 Pa.C.S.A. § 9737 shall include, ". . . all criminal charges brought in any court against the defendant and report to the court on the disposition of such charges." Consequently, a proper presentencing report would include participation in an ARD program and the subsequent disposition of the charges upon completion of that program. The problem in the matter before this court is that it is not clear how the successful completion of an ARD program should be catagorized in analysing the factors which may properly be considered by the sentencing judge in reaching a determination of sentence.

The rationale behind the concept of the ARD program is "to keep persons such as [a] high spirited college student out of the criminal justice system, [and] to rehabilitate those who are generally law abiding, and to protect them from lasting damage because of an isolated, relatively minor infraction of the law." *Commonwealth v. Briley,* 278 Pa.Su-

**6.** *Id.*

per. 363, 373, 420 A.2d 582, 588 (1980). Once an individual has been held for court he may be considered for ARD on his own motion, or upon request of his attorney or the attorney for the Commonwealth. Pa.R.Crim.P., Rule 175. When the individual is accepted into ARD, "the judge shall order that further proceedings on the charges shall be postponed during the term of the program." Pa.R.Crim.P., Rule 181. When the program has been successfully completed, application may be made to the court for an order dismissing the charges. The conditions of the program are such as may be imposed for probation, after conviction of a crime, however, the period of the program may not exceed two years. Pa.R. Crim.P., Rule 182.

 This court has held that admission into an ARD program does not constitute a "conviction" for purposes of impeachment of a witness at trial. *Commonwealth v. Krall,* 290 Pa.Super. 1, 434 A.2d 99 (1981). It necessarily follows that admission to an ARD program is not equivalent to a conviction under any circumstances since charges are deferred until completion of the program.[7] In the event that the program is successfully completed and the charges are dismissed, no conviction ever results. However, this does not remove the original charges nor participation in the program from the record in the event of subsequent criminal activity.

 Appellant asserts that the sentencing judge's consideration of his prior involvement in an ARD program is comparable to an improper consideration of prior unadjudi-

---

7. It should be noted that ARD is given most definite consideration under certain circumstances. *See* 75 Pa.C.S.A. § 1534. The Commonwealth Court has held that the election of a motorist of participation in ARD amounts to a conviction for purposes of classifying the motorist as an habitual offender. *Commonwealth Department of Transportation, Bureau of Traffic Safety v. McDevitt,* 57 Pa.Cmwlth, 589, 427 A.2d 280 (1981). *See, also* 75 Pa.C.S.A. § 1542(c) which states:

Accelerative Rehabilitative Disposition as an offense.—Acceptance of Accelerative Rehabilitative Disposition for any offense enumerated in subsection (b) shall be considered an offense for the purposes of this section.

*See, also* 75 Pa.C.S.A. § 1539(c).

cated arrests. In support of this contention, he cites *Commonwealth v. Shoemaker, supra.* However, appellant's reliance on this case is misplaced. In *Shoemaker,* this court held that a judge *could* consider prior unadjudicated arrests provided that they were not regarded as showing criminal conduct.[8] The important factor is that the judge must not ignore the presumption of innocence nor regard the prior arrest record information as evidence of criminal conduct. It is clear, in the instant case, that the sentencing judge did not improperly consider the ARD information because he states in his opinion. "In our opinion a judge would be remiss to be blind to past activities involving abuse of a firearm, *even though criminality did not ultimately attach."* (emphasis added) In addition, the sentence imposed is within sentencing guidelines and cannot be termed excessive or too severe. Therefore, we find that the sentencing judge did not ignore the presumption of innocence nor regard the ARD information as evidence of criminal conduct. It is also of note that the charges, both in the instant case and those brought against the defendant before, involve a crime of violence. The sentencing judge makes it very clear that that was his major consideration in the imposition of sentence. Accordingly, we find that the judge's rationale was not improper nor did he abuse his discretion in imposing sentence.

Appellant also contends that the sentence is unlawful because the copy of the pre-sentence investigation report, reviewed by defense counsel, did not contain a reference to the ARD proceedings. In support of his contention, he cites Pennsylvania Rule of Criminal Procedure, Rule 1404(a)(2) which states,

8. In *Shoemaker* the judge improperly regarded these prior arrests as showing criminal conduct. However, while this court held that to be error, it did not reverse the sentence. In addition, this court held in *Commonwealth v. Tisdale,* 233 Pa.Super. 77, 334 A.2d 722 (1975), that the sentencing judge could consider a murder charge so long as it clearly realized that the defendant had been acquitted.

(a) All psychiatric and pre-sentence reports shall be confidential records. They shall be available only to:

. . . .

(2) . . . counsel for the defendant . . .

There is no question that defense counsel has a right to examine the pre-sentence report before sentencing, *Commonwealth v. Burton,* 451 Pa. 12, 301 A.2d 675 (1973). This is for the purpose of permitting counsel to contest portions of the report or to disclose inaccuracies in it to the judge, *Burton, supra*; 42 Pa.C.S.A. § 9735.[9] Refusal to allow defense counsel to inspect and comment on the pre-sentence report is error and will require remand for resentencing. *Commonwealth v. Stanton,* 239 Pa.Super. 47, 362 A.2d 355 (1975) (reversed on other grounds) 479 Pa. 521, 388 A.2d 1053 (1978).

 Here, defense counsel was not denied access to the presentence report. Apparently his copy of the report did not include appellant's criminal record due to an incorrect practice of the Juniata County Probation Department's policy of not stating a defendant's criminal record in writing. This policy is no longer in effect. However, appellant does not contend that the sentencing judge utilized incorrect information. In fact, appellant concedes that he did successfully complete an ARD program and, as a result, charges were dismissed. It is true that had the appellant's criminal record been submitted to defense counsel, he would have had the opportunity to object to the inclusion of the ARD program for consideration. However, we find that since the judge did not utilize incorrect information, the harm to be prevented is not an issue.

Since we have determined that the sentencing judge's use of information in the pre-sentencing report was not incorrect or prejudicial to the appellant, his final contention that the judge should have recused himself is moot.

Judgment of sentence affirmed.

**9.** Act of Dec. 30, 1974, P.L. 1052, No. 345 § 1.