**Kelly Jean DEMPSKI, Petitioner, Respondent,**

v.

**COMMISSIONER OF PUBLIC SAFETY, Appellant.**

No. C4–94–741.

Court of Appeals of Minnesota.

Aug. 30, 1994.

Hubert H. Humphrey, III, Atty. Gen., Steven H. Alpert, Asst. Atty. Gen., St. Paul, for appellant.

Paul D. Baertschi, Baertschi & Associates, Minneapolis, for respondent.

Considered and decided by FORSBERG, P.J., and NORTON and SCHUMACHER, JJ.

## OPINION

SCHUMACHER, Judge.

Appellant Commissioner of Public Safety (Commissioner) argues that the district court erred by concluding that respondent Kelly Jean Dempski's guilty plea in Wisconsin to operating a motor vehicle while under the influence could not be used to extend the period for which her license was revoked for subsequently driving while intoxicated in Minnesota. We reverse.

## FACTS

In October 1991, Dempski was cited in Wisconsin for operating a motor vehicle while intoxicated. She pleaded guilty.

In November 1993, Dempski was arrested by Anoka Police Officer Mark Fuhrmann for driving while under the influence of alcohol (DWI). When Dempski refused to submit to

testing, Fuhrmann issued her a Notice and Order of Revocation. In January 1994, Dempski pleaded guilty to DWI. Relying on her 1991 guilty plea in Wisconsin, the Commissioner revoked her license for one year.

Dempski moved to rescind the one year revocation of her license, arguing that the Commissioner should not have considered her Wisconsin offense when determining the duration of the revocation for the Minnesota offense. The district court granted her motion and the state appeals.

### ISSUE

Is a plea of guilty to DWI in Wisconsin a proper basis for determining the length of time for which a driver's license should be revoked for a subsequent plea of guilty to DWI in Minnesota?

### ANALYSIS

■ Dempski claims that because she pleaded guilty in 1994 in Minnesota, the Commissioner should have revoked her license for 30 days pursuant to Minn.Stat. § 169.121, subd. 4(e) (Supp.1993). We disagree.

■ Minn.Stat. § 169.121, subd. 4(e) applies only where the "person whose license has been revoked * * * does not have a prior impaired driving conviction." A " 'prior impaired driving conviction' " includes a conviction under the statutes of another state that are in conformity with Minnesota DWI laws. Minn.Stat. § 169.121, subd. 3 (Supp.1993). Because Wisconsin and Minnesota DWI statutes are in conformity, Dempski's argument turns on whether her plea of guilty in Wisconsin was a "conviction" within the meaning of the statute. *See State v. Friedrich*, 436 N.W.2d 475, 477 (Minn.App.1989). This is a legal question subject to de novo review. *State v. Bonynge*, 450 N.W.2d 331, 337 (Minn.App.1990), *pet. for rev. denied* (Minn. Feb. 21, 1990).

In the context of the revocation provisions of Minnesota's DWI laws, "conviction" is typically construed to include the type of civil adjudication Dempski faced in Wisconsin. *See Recker v. State, Dep't of Pub. Safety*, 375 N.W.2d 554, 557 (Minn.App.1985) (Commis-

sioner may use adjudication under Wisconsin DWI laws as basis for revoking Minnesota driver's license); *Friedrich*, 436 N.W.2d at 477 (referring to guilty plea under Wisconsin law as "conviction"); *cf.* Minn.Stat. §§ 171.01, subd. 13, 609.02, subd. 5(1) (1992) (guilty plea is "conviction"); *Anderson v. State, Dep't of Pub. Safety*, 305 N.W.2d 786, 787 (Minn.1981) (whether offense committed in Colorado justifies revocation of Minnesota driver's license depends on elements of offense, not quantum of evidence necessary to prove violation); *State v. Novak*, 107 Wis.2d 31, 318 N.W.2d 364, 366 (1982) (adjudication under Wis.Stat. § 346.63(1) is a "conviction"). This construction is appropriate, since revocation of a driver's license is itself a civil penalty. *Recker*, 375 N.W.2d at 556; *see also* Minn.Stat. § 169.121, subd. 4 (Supp.1993) (revocation is administrative penalty); *cf. Friedrich*, 436 N.W.2d at 477–78 (possibility of incarceration is reason that uncounseled adjudication for violation of Wisconsin DWI statute cannot be used to enhance subsequent Minnesota DWI violation to gross misdemeanor). We therefore hold that a plea of guilty to a violation of Wisconsin's DWI laws is a conviction for the purposes of Minn.Stat. § 169.121 (Supp. 1993).

### DECISION

The district court erred by concluding that the Commissioner could not consider Dempski's adjudication of guilt in Wisconsin when determining the amount of time for which her driver's license could be revoked.

**Reversed.**