**CITY OF GOLDEN VALLEY,**
Respondent,

v.

**ONE 1998 PONTIAC GRAND PRIX, VIN # 1G2WP521WF309530, Pennsylvania License Plate P520111,** Defendant,

**and Mark Robert Blair, claimant,**
**Appellant.**

No. C5–00–581.

Court of Appeals of Minnesota.

Sept. 12, 2000.

Mark J. Schneider, Rondoni, MacMillan & Schneider, Ltd., Assistant Golden Valley City Attorney, Minneapolis, for respondent.

Edward M. Cohen, Jr., Cohen & Friedberg, Ltd., Minneapolis; and Lisa Lodin Peralta, St. Paul, for appellant.

---

\* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to

Considered and decided by TOUSSAINT, Chief Judge, AMUNDSON, Judge, and PARKER, Judge.

## OPINION

EDWARD J. PARKER, Judge \*

Appellant Mark Robert Blair challenges the district court's findings of fact and conclusions of law that his criminal record contains the requisite three or more prior DWI convictions or license revocations necessary to subject his automobile to forfeiture by the state. We affirm.

## FACTS

In the early morning of October 23, 1999, Mark Robert Blair was arrested for DWI in Golden Valley, Minnesota, after his blood alcohol level registered over the legal limit. At the time of his arrest, Blair was driving without a valid driver's license because his driving privileges had been revoked on or about July 17, 1999, for an implied consent violation. As a result, the state charged Blair with both an aggravated driving violation for driving after a DWI-related license revocation, and a gross misdemeanor DWI. In May 2000, Blair pled guilty to the October 1999 DWI charge.

Several years before moving to Minnesota, Blair had lived in Pennsylvania where he was charged with DWI in June 1988. This was Blair's first DWI offense. Blair's 1988 DWI offense resulted in an adjudication under Pennsylvania law of "accelerated rehabilitative disposition" (ARD). ARD is a type of pretrial diversion program, emphasizing rehabilitation of the offender and prompt disposition of charges without the costly and time-consuming aspects of trials and court proceedings. On October 4, 1988, Blair received ARD for his June DWI charge.

Minn. Const. art. VI, § 10.

Five years later, while still living in Pennsylvania, Blair was again arrested for DWI in August 1993. Blair pled guilty to this charge, and was convicted.

After moving to Minnesota, Blair had his license revoked in July 1999, for an implied consent violation. At the time of his October 1999 conduct, Blair's license was still revoked from the July incident.

Following Blair's October 1999 arrest in Minnesota, the City of Golden Valley (the city) sent Blair a notice of seizure and intent to forfeit Blair's car, pursuant to Minnesota's forfeiture statute. Thereafter, Blair filed a forfeiture complaint, alleging he did not have the requisite number of prior impaired driving convictions (i.e., DWI convictions) and/or prior license revocations in order to justify forfeiture. A hearing was held on December 29, 1999, at which time the district court sustained the revocation of Blair's license based on his October 23 conduct, and granted forfeiture of Blair's vehicle subject to the city's submission of a certified copy of Blair's two prior Pennsylvania DWI convictions. Thereafter, on January 11, 2000, the city submitted a certified copy of Blair's criminal history record, generated by the Pennsylvania State Police Central Repository.

In its findings of fact, dated January 28, 2000, the district court stated:

Pennsylvania * * * records indicate that Blair was previously convicted of a DWI on October 4, 1988 (offense date of June 4, 1988), and another DWI conviction on March 10, 1994 (offense date of August 6, 1993).

Combining these two Pennsylvania DWI convictions with Blair's July 17, 1999, Minnesota license revocation, the district court concluded that Blair's October 23, 1999, license revocation triggered the forfeiture statute. The district court found:

[T]his [October 23, 1999] license revocation occurred within fifteen (15) years of the first of three or more prior impaired driving convictions, three prior license revocations, or any combination of three

or more prior impaired driving convictions and prior license revocations, based on separate incidents.

Based on this finding, the district court concluded that Blair's vehicle was subject to forfeiture.

## ISSUE

Does the evidence support the district court's finding of fact that Blair's 1988 Pennsylvania DWI accelerated rehabilitative disposition (ARD) constitutes a conviction for purposes of Minnesota's forfeiture statute?

## ANALYSIS

"Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous * * *." Minn. R. Civ. P. 52.01. An appellate court will reverse a district court's findings of fact "only when those findings are clearly erroneous." *Fletcher v. St. Paul Pioneer Press*, 589 N.W.2d 96, 102 (Minn.1999) (citing Minn. R. Civ. P. 52.01). "Findings of fact are considered clearly erroneous only if they are not reasonably supported by the evidence." *Id.; Gjovik v. Strope*, 401 N.W.2d 664, 667 (Minn.1987) (holding reversal not warranted unless "reviewing court is left with the definite and firm conviction that a mistake has been made"); *see Robinson v. State*, 567 N.W.2d 491, 495 (Minn.1997) ("In general, a trial court's findings of fact will not be disturbed unless clearly erroneous.").

Under Minnesota law, the state may retain a forfeited vehicle or proceeds from the sale of the vehicle. Minn.Stat. § 169.1217 (1998). This court recognizes that

the legislature intended vehicle forfeiture under Minn.Stat. § 169.1217 to serve the important, nonpunitive, remedial goal of enhancing public safety by removing from repeat intoxicated drivers the instrumentality used to commit their violations.

*Hawes v.1997 Jeep Wrangler*, 602 N.W.2d 874, 878 (Minn.App.1999) (citing *Lukkason v.1993 Chevrolet Extended Cab Pickup*, 590 N.W.2d 803, 806 (Minn.App.1999), *review denied*, (Minn. May 18, 1999)).

Under Minnesota law, a vehicle is subject to forfeiture if it is "used in the commission of a designated offense or was used in conduct resulting in a designated license revocation." Minn.Stat. § 169.1217, subd. 6. The forfeiture statute defines "designated license revocation" as including a license revocation under Minn. Stat. § 169.123 (1998) (license revoked upon refusal to submit to blood test), and "designated offense" means a DWI violation under Minn.Stat. § 169.121, subd. 1 (1998). To qualify for forfeiture, either must occur

> within 15 years of the first of three or more prior impaired driving convictions, three or more prior license revocations, or any combination of three or more impaired driving convictions and prior license revocations, based on separate incidents.

Minn.Stat. § 169.1217, subd. 1(b)(2), (c)(1)(ii).

■ In essence, an offender forfeits his/her vehicle to the state if the offender commits a DWI offense or incurs a DWI-related license revocation within 15 years of any combination of three previous DWI convictions or driver's license revocations. Under Minnesota's forfeiture statute, a "'[p]rior impaired driving conviction' has the meaning given it in section 169.121, subdivision 3." Minn.Stat. § 169.1217, subd. 1(f). A "prior impaired driving conviction" is a prior *conviction* under Minnesota law or another state's statute or ordinance that is in conformity with Minnesota law. Minn.Stat. § 169.121 subd. 3(a)(1)(iii); *see St. Louis County Attorney's Office v. $24,643.01 in U.S. Currency*, 524 N.W.2d 542, 545 (Minn.App.1994), *review denied* (Minn. Feb. 14, 1995); *Dempski v. Commissioner of Pub. Safety*, 520 N.W.2d 532, 533 (Minn.App.1994).

A comparison of the Pennsylvania and Minnesota DWI statutes shows the Pennsylvania statute substantially conforms with Minnesota's DWI law. *See* 75 Purdon's Pa. Cons.Stat. Ann. § 3731 (West 1996). Thus, a prior DWI conviction in Pennsylvania constitutes a "prior impaired driving conviction" in Minnesota. Key to the analysis, however, is that forfeiture must be based on prior DWI *convictions*.

Before Blair's October 1999 license revocation, Blair had three prior alcohol-related offenses dating back less than 15 years:

1. DWI—(Pennsylvania) June 4, 1988; adjudicated ARD Oct. 4, 1988;

2. DWI—(Pennsylvania) August 6, 1993; convicted on March 10, 1994;

3. Alcohol-related license revocation— (Minnesota) July 17, 1999.

The district court determined that Blair's Pennsylvania ARD adjudication constituted a conviction for purposes of the forfeiture statute. As a result, the district court concluded that Blair had two prior DWI convictions, and one prior license revocation. Since these three designated offenses occurred within 15 years of Blair's October 1999 offense, the district court concluded that the forfeiture statute was satisfied.

■ The crux of Blair's argument is that his first Pennsylvania DWI offense did not result in a "conviction" because he received what is referred to in Pennsylvania as an ARD adjudication. *See* Pa. R.Crim. P. 160–186 comm. introduction. The apparent purpose of ARD is expeditious disposition of the charges, while focusing on rehabilitating a first-time offender. *Id.* Blair contends that ARD does not constitute a DWI conviction in Pennsylvania, and therefore the district court improperly counted Blair's ARD adjudication as a prior DWI conviction under Minnesota's forfeiture statute.

In its brief, the city relies on this court's decision in *Dempski* as dispositive of the issue before us. In *Dempski*, we held that "a *plea of guilty* to a violation of Wiscon-

sin's DWI laws is a conviction for the purposes of [Minnesota's DWI statute]." *Dempski*, 520 N.W.2d at 533 (emphasis added). Unfortunately, *Dempski* provides little guidance here, as it is uncertain whether Pennsylvania's ARD adjudication is equivalent to a plea of guilty.

Under Pennsylvania's DWI statute, however, it is evident that a prior ARD becomes a conviction when the defendant is convicted for subsequent DWI offenses:

> Acceptance of Accelerated Rehabilitative Disposition [ARD], an adjudication of delinquency or a consent decree under the Juvenile Act or any other form of preliminary disposition of any charge brought under this section *shall be considered a first conviction for the purpose of computing whether a subsequent conviction of a violation of this section shall be considered a second, third, fourth or subsequent conviction.*

75 Pa. Cons.Stat. Ann. § 3731(e)(2) (West 1996) (emphasis added).

Thus, in Pennsylvania an adjudication of ARD does not shield a repeat DWI offender from an accounting that includes the ARD as a conviction. In support of his argument that an ARD adjudication is not equivalent to a conviction, Blair cites the Pennsylvania case of *Pennsylvania v. Knepp*, 307 Pa.Super. 535, 453 A.2d 1016 (1982). In dictum, the *Knepp* court stated that "admission to an ARD program is not equivalent to a conviction under any circumstances * * *." *Knepp*, 453 A.2d at 1019. Nevertheless, this statement is followed by a footnote that reads:

> It should be noted that ARD is given most definite consideration under certain circumstances * * * [in] that the election of a motorist of participation in ARD amounts to a conviction for pur-

poses of classifying the motorist as an habitual offender.

*Id.* at 1019 n. 7 (citations omitted).

And, effective in 1983, the Pennsylvania legislature amended its DWI statute (section 3731(e)(2)) to provide that ARD would be considered a prior conviction. Act of Dec. 15, 1982, No. 289, § 9, 1982 Pa. Laws 1268, 1277.[1] As a result, "the *Knepp* court recognized that a *statute* will sometimes *create an exception to the general policy of distinguishing between conviction and acceptance of ARD.*" *Pennsylvania v. Becker*, 366 Pa.Super. 54, 530 A.2d 888, 891 n. 3 (1987) (emphasis added). In *Becker*, the court held that under Pennsylvania's DWI statute, acceptance of ARD is equivalent to a conviction. *Becker*, 530 A.2d at 894; *see Pennsylvania v. Shaw*, 560 Pa. 296, 744 A.2d 739, 741 n. 2 (2000) (acknowledging that if defendant has previously accepted ARD on any charge brought under section 3731, "then that acceptance shall be considered as his or her first conviction" (citation omitted)); *Pennsylvania v. Brown*, 449 Pa.Super. 346, 673 A.2d 975, 979 (1996) (recognizing that when dealing with statutory mandate, such as section 3731(e)(2), acceptance of ARD is considered a conviction); *Pennsylvania v. Huckleberry*, 429 Pa.Super. 146, 631 A.2d 1329, 1332 n. 5 (1993) (noting that under Pa. Stat. § 3731(e)(2), acceptance of ARD for charge of DWI is a conviction for computing whether subsequent conviction is considered second or subsequent conviction); *Pennsylvania v. Rogers*, 416 Pa.Super. 59, 610 A.2d 970, 972 (1992) ("[E]ven upon successful completion [of ARD program], the DUI charge would still be considered a first conviction for the purpose of computing sentencing for subsequent violations." (Citation omitted.)).

Even though Blair's 1988 Pennsylvania DWI offense resulted in an adjudication of

---

1. Before 1983, ARD was a prior conviction for "habitual offender purposes in the civil context of driver license suspension." Leonard N. Sosnov, *Due Process Limits on Sentencing Power: A Critique of Pennsylvania's Impo-* *sition of a Recidivist Mandatory Sentence Without a Prior Conviction*, 32 Duq. L.Rev. 461, 463 n. 12 (1994) (citing 75 Pa. Cons.Stat. § 1542 (1992)).

ARD, this disposition became a conviction under Pennsylvania's DWI law after Blair was convicted of his subsequent DWI offense in 1993. Because Pennsylvania DWI law is consonant with Minnesota's DWI law, a DWI conviction in Pennsylvania is recognized as a DWI conviction in Minnesota. Blair's prior ARD adjudication qualifies as a DWI conviction for purposes of calculating the three prior impaired driving convictions and/or license revocations required under Minnesota's forfeiture statute. The district court did not clearly err in finding Blair's 1988 ARD was a prior conviction for purposes of forfeiture.

Blair also argues that his Pennsylvania criminal history record does not qualify as admissible evidence of his prior impaired driving convictions. Under the forfeiture statute, "[c]ertified copies of court records and motor vehicle and driver's license records" are admissible to show prior convictions. Minn.Stat. § 169.1217, subd. 5. The city submitted a certified copy of Blair's criminal history record, as maintained by the Pennsylvania State Police Central Repository. Blair contends this certified copy falls short of the forfeiture statute's requirement.

The forfeiture statute contemplates certified "motor vehicle" and "driver's license" records as acceptable forms of evidence, and the reliability of a certified copy of Pennsylvania state police records is equivalent to that of motor vehicle and driver's license records. Further, the certified Pennsylvania record shows the dates, charges, and dispositions of Blair's offenses, lending additional credence to its admissibility to show prior convictions. *See State v. Griller*, 583 N.W.2d 736, 742 (Minn.1998) noting that rulings on admissibility of evidence rest within sound discretion of the trial court (quoting *State v. Olkon*, 299 N.W.2d 89, 101 (Minn.1980)). We conclude that the trial court did not abuse that discretion.

## DECISION

Because the district court properly found that Blair's Pennsylvania ARD adjudication constituted a conviction for purposes of Minnesota's forfeiture statute, the district court did not clearly err in determining Blair's vehicle was subject to forfeiture.

**Affirmed.**