J-A07018-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JARED PAUL SCHILLINGER | |
| Appellant | No. 1498 WDA 2015 |

Appeal from the Judgment of Sentence Entered August 6, 2015
In the Court of Common Pleas of Allegheny County
Criminal Division at No: CP-02-CR-0003354-2014

BEFORE: OLSON, STABILE, and STRASSBURGER,[*] JJ.

MEMORANDUM BY STABILE, J.: **FILED JULY 27, 2017**

Appellant Jared Paul Schillinger appeals from August 6, 2015 judgment of sentence entered in the Court of Common Pleas of Allegheny County ("trial court"), following his bench convictions for homicide by vehicle while driving under the influence, homicide by vehicle, involuntary manslaughter, three counts of driving under the influence ("DUI"), reckless driving, careless driving, and a violation of driving vehicle at a safe speed.[1] Upon review, we affirm.

On February 16, 2013, Appellant crashed his vehicle at a high rate of speed into the back of another vehicle operated by an eighteen-year-old

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 75 Pa.C.S.A. §§ 3735 and 3732, 18 Pa.C.S.A. § 2504(a), 75 Pa.C.S.A. §§ 3802(c), 3802(a)(1), 3802(a)(1), 3736(a), 3714(a), and 3361.

woman, Rikki Fleming, who died from massive blunt force trauma. After Appellant completed two field sobriety tests and exhibited clues of impairment, he was transported to a hospital for a blood draw. At the hospital, Appellant was read verbatim a DL-26 form containing the implied consent warnings.[2] Appellant signed the form, consenting to the blood draw. On February 12, 2014, Appellant was charged with the above-referenced crimes. Appellant eventually proceeded to a non-jury trial,[3] following which the trial court found him guilty of the crimes charged. On August 6, 2015, at sentencing, the trial court observed that Appellant had a previous DUI charge for which he was accepted into the Accelerated Rehabilitative Disposition ("ARD") program, which he successfully completed. Thereafter, in the case at bar, Appellant was charged and convicted of three additional DUI counts. The trial court, however, did not sentence him on the three DUI counts, as they merged with the offense of homicide while driving under the influence. The trial court sentenced Appellant to four to eight years' imprisonment for homicide while driving under the influence.[4] Appellant timely filed post-sentence motions,

---

[2] The DL–26 form contains warnings of the potential consequences of an individual's refusal to consent to a blood test, including that the individual's license could be suspended for at least one year, and that, if convicted of violating 75 Pa.C.S.A. § 3802(a), the individual will face more severe penalties because of the refusal.

[3] On May 6, 2015, Appellant waived his right to a jury trial.

[4] No additional penalty was imposed for the other convictions.

challenging the discretionary aspects of his sentence. In particular, Appellant argued, *inter alia*, the trial court abused its discretion in considering, as an aggravating circumstance, his completion of the ARD program for a prior DUI offense. On September 1, 2015, the trial court denied Appellant's post-sentence motions. Appellant timely appealed to this Court. The trial court ordered Appellant to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal. Appellant complied. In response, the trial court issued a Pa.R.A.P. 1925(a) opinion on June 27, 2016.

On August 16, 2016, while this appeal was pending, Appellant filed in this Court a "Petition for Remand for Supplemental Filing in light of *Birchfield*."[5] Appellant requested that this Court remand his case to the trial court for purposes of allowing him an opportunity to supplement his post-sentence motion in light of the United States Supreme Court's decision in *Birchfield*, which was issued on June 23, 2016. Specifically, Appellant

_____

[5] *Birchfield v. North Dakota*, 136 S. Ct. 2160 (2016). As is relevant to this case, in *Birchfield*, the police arrested Michael Beylund ("Beylund") for DUI, while he was driving in North Dakota. Beylund was read the implied consent law. According to North Dakota law, if Beylund were to refuse consent, he would be subjected to enhanced penalties. Beylund ultimately consented to the blood draw, but he later unsuccessfully challenged the voluntariness of his consent in the state courts. In *Birchfield*, the United States Supreme Court overturned the North Dakota Supreme Court's decision, concluding that the state court's determination rested "on the erroneous assumption that the State could permissibly compel [] blood . . . tests" by "impos[ing] criminal penalties on the refusal to submit to such a test." *Birchfield*, 136 S. Ct. at 2185-86.

- 3 -

sought to challenge for the first time the voluntariness of his consent to the blood draw. On August 25, 2016, we denied Appellant's petition for remand without prejudice.

On appeal, Appellant raises two issues for our review:

[I.] In cases pending on direct appeal in state court, must the United States Supreme Court's decision in *Birchfield* . . . be given retroactive effect?

[II.] Did the trial court abuse its discretion at sentencing` by relying on an impermissible factor—[Appellant's] completion of the [ARD] program—which it deemed the sole aggravating factor?

Appellant's Brief at 6 (unnecessary capitalization omitted).

Appellant first argues that he is entitled to a remand in light of *Birchfield* so that he may challenge the voluntariness of his consent to the blood draw. Appellant argues that the implied consent warnings, as contained on form DL-26, would have subjected him to enhanced criminal penalties, had he not consented to the blood draw.[6]

At the outset, we must determine whether Appellant has preserved his first issue for our review. It is axiomatic that an issue may not be raised for the first time on appeal. *See* Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal."). Our review of the record here indicates that Appellant failed to challenge the voluntariness of his consent to the blood draw at any stage of the lower

_____

[6] The Commonwealth does not object to Appellant's *Birchfield* argument.

- 4 -

court proceedings. As a result, he did not preserve this issue for our review. Additionally, Appellant did not raise this issue in his Rule 1925(b) statement. Similarly, the trial court did not address this issue before, during, or after trial, and specifically in its Rule 1925(a) opinion. As noted earlier, Appellant challenges the voluntariness of his consent for the first time on appeal in his August 16, 2016 remand petition.

Moreover, as noted, the United States Supreme Court decided ***Birchfield*** after the sentencing of Appellant in this case, but during the pendency of this appeal. The decision in ***Birchfield*** announced a new criminal rule. When a United States Supreme Court decision "results in a 'new rule,' that rule applies to all criminal cases still pending on direct review." ***Schriro v. Summerlin***, 542 U.S. 348, 351 (2004) (citing ***Griffith v. Kentucky***, 479 U.S. 314, 328 (1987)). "Case law is clear, however, that in order for a new rule of law to apply retroactively to a case pending on direct appeal, the issue had to be preserved at 'all stages of adjudication up to and including the direct appeal.'" ***Commonwealth v. Tilley***, 780 A.2d 649, 652 (Pa. 2001) (citation omitted); ***see also Commonwealth v. Newman***, 99 A.3d 86, 90 (Pa. Super. 2014) (*en banc*) ("To be entitled to retroactive application of a new constitutional rule, a defendant must have raised and preserved the issue in the court below."), ***appeal denied***, 121 A.3d 496 (Pa. 2015). "[A]n exception to the issue-preservation requirement

exists where the challenge is one implicating the legality of the appellant's sentence."[7]   *Commonwealth v. Barnes*, 151 A.3d 121, 124 (Pa. 2016) (citation omitted).   Thus, consistent with *Tilley* and *Newman*, Appellant may not rely on *Birchfield* to challenge his consent to the blood draw because Appellant failed to raise and preserve in the court below the issue of voluntariness of his consent.   Accordingly, Appellant's first issue is waived.

Appellant next argues that the trial court abused its discretion in considering, as an aggravating factor, his completion of the ARD program for a previous DUI offense.[8]

Because Appellant's issue implicates only the discretionary aspects of his sentence, we note that it is well-settled that "[t]he right to appeal a

---

[7] If Appellant's *Birchfield* claim here had implicated the legality of his sentence, we may have been able to review it *sua sponte*.   *See Commonwealth v. Wolfe*, 106 A.3d 800, 801 (Pa. Super. 2014) (noting that it is well-settled that legality of sentence questions may be raised *sua sponte* by this Court.), *aff'd*, 140 A.3d 651 (Pa. 2016).

[8] When reviewing a challenge to the trial court's discretion, our standard of review is as follows:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. An abuse of discretion is more than just an error in judgment and, on appeal, the trial court will not be found to have abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias, or ill-will.

*Commonwealth v. Bowen*, 55 A.3d 1254, 1263 (Pa. Super. 2012) (quoting *Commonwealth v. Cunningham*, 805 A.2d 566, 575 (Pa. Super. 2002)), *appeal denied*, 64 A.3d 630 (Pa. 2013).

discretionary aspect of sentence is not absolute." ***Commonwealth v. Dunphy***, 20 A.3d 1215, 1220 (Pa. Super. 2011). Rather, where an appellant challenges the discretionary aspects of a sentence, the appeal should be considered as a petition for allowance of appeal. ***Commonwealth v. W.H.M.***, 932 A.2d 155, 162 (Pa. Super. 2007). As we stated in ***Commonwealth v. Moury***, 992 A.2d 162 (Pa. Super. 2010):

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
>> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, ***see*** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, ***see*** Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

***Id.*** at 170 (citing ***Commonwealth v. Evans***, 901 A.2d 528 (Pa. Super. 2006)). Whether a particular issue constitutes a substantial question about the appropriateness of sentence is a question to be evaluated on a case-by-case basis. ***See Commonwealth v. Kenner***, 784 A.2d 808, 811 (Pa. Super. 2001), ***appeal denied***, 796 A.2d 979 (Pa. 2002).

Here, Appellant has satisfied the first three requirements of the four-part ***Moury*** test. Appellant filed a timely appeal to this Court, preserved the issue on appeal through his post-sentence motions, and included a Pa.R.A.P.

2119(f) statement in his brief.[9]   We, therefore, must determine only if Appellant's sentencing issues raise a substantial question.

The determination of what constitutes a substantial question must be evaluated on a case-by-case basis.  *Commonwealth v. Paul*, 925 A.2d 825, 828 (Pa. Super. 2007).  We have found that a substantial question exists "when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process."  *Commonwealth v. Phillips*, 946 A.2d 103, 112 (Pa. Super. 2008) (citation omitted), *appeal denied*, 964 A.2d 895 (Pa. 2009).  "[W]e cannot look beyond the statement of questions presented and the prefatory [Rule] 2119(f) statement to determine whether a substantial question exists."  *Commonwealth v. Christine*, 78 A.3d 1, 10 (Pa. Super. 2013), *aff'd*, 125 A.3d 394 (Pa. 2015).

This Court does not accept bald assertions of sentencing errors.  *See Commonwealth v. Malovich*, 903 A.2d 1247, 1252 (Pa. Super. 2006).  When we examine an appellant's Rule 2119(f) statement to determine whether a substantial question exists, "[o]ur inquiry must focus on the reasons for which the appeal is sought, in contrast to the facts underlying

---

[9] Rule 2119(f) provides that "[a]n appellant who challenges the discretionary aspects of a sentence in a criminal matter shall set forth in his brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence."  Pa.R.A.P. 2119(f).

the appeal, which are necessary only to decide the appeal on the merits." ***Commonwealth v. Ahmad***, 961 A.2d 884, 886-87 (Pa. Super. 2008) (quoting ***Commonwealth v. Tirado***, 870 A.2d 362, 365 (Pa. Super. 2005)). A Rule 2119(f) statement is inadequate when it "contains incantations of statutory provisions and pronouncements of conclusions of law[.]" ***Commonwealth v. Bullock***, 868 A.2d 516, 528 (Pa. Super. 2005) (citation omitted).

Here, Appellant asserts in his Rule 2119(f) statement that the trial court "relied on an impermissible factor when it imposed an aggravated[-]range sentence, namely [Appellant's] participation and completion of the ARD program." Appellant's Brief at 34. Based on his Rule 2119(f) statement, we conclude that Appellant has raised a substantial question with respect to his sentencing claim. Indeed, an allegation that the sentencing court relied upon impermissible factors raises a substantial question. ***Commonwealth v. P.L.S.***, 894 A.2d 120, 127 (Pa. Super. 2006); ***see Commonwealth v. McNabb***, 819 A.2d 54, 56–57 (Pa. Super. 2003) (finding a substantial question where defendant "alleg[ed] that the sentencing court did not sufficiently state its reasons for the sentence" and relied on "impermissible factors."). Accordingly, we grant Appellant's petition for allowance of appeal and address the merits of his second issue.

As stated, Appellant argues that the trial court abused its discretion in considering, as an aggravating factor, his completion of the ARD program in connection with a previous DUI offense. Specifically, without citing any legal

authority, Appellant argues that the trial court's consideration of the ARD program was impermissible. Based on our reasons below, we disagree.

The law provides that a trial court is vested with broad discretion in imposing a sentence, and, as noted earlier, the court's judgment of sentence will not be disturbed on appeal absent a manifest abuse of that discretion. **Commonwealth v. Perry**, 32 A.3d 232 (Pa. 2011); **Commonwealth v. Dutter**, 617 A.2d 330, 331 (Pa. Super. 1992) (citations omitted); **see Commonwealth v. Hoch**, 936 A.2d 515, 519 (Pa. Super. 2007) ("The trial court is afforded broad discretion in sentencing criminal defendants 'because of the perception that the trial court is in the best position to determine the proper penalty for a particular offense based upon an evaluation of the individual circumstances before it.'"). This standard of review recognizes that the sentencing court is in the best position to weigh the various factors involved in sentencing determinations, such as the defendant's character, displays of remorse or indifference, and the nature and effect of the crimes. **Commonwealth v. Canfield**, 639 A.2d 46, 50 (Pa. Super. 1994).

A trial court must follow the general principle that the sentence imposed is consistent with the need to protect the public, the gravity of the offenses as they relate to the impact on the life of the victims and on the community, and the rehabilitative needs of the defendant. 42 Pa.C.S.A § 9721(b); **see Commonwealth v. Walls**, 926 A.2d 957, 962 (Pa. 2007). Although a trial court is obligated to consider the ranges prescribed by the guidelines of the Pennsylvania Commission on Sentencing, the court may

depart from the sentencing guidelines. ***Id.*** If there are mitigating or aggravating circumstances present, the trial court may select a sentence in the mitigated or aggravated range, 204 Pa. Code § 303.13, 42 Pa.C.S.A. § 9721, but the trial court is not required to sentence in the mitigated or aggravated range, even when presented with mitigating or aggravating circumstances. ***Commonwealth v. Wright***, 600 A.2d 1289, 1291–92 (Pa. Super. 1991).

It is well-settled that a trial court generally may consider, as an aggravating circumstance, a defendant's completion of the ARD program. In ***Commonwealth v. Knepp***, 453 A.2d 1016, (Pa. Super. 1982), we held that a trial court could consider a defendant's completion of the ARD program in fashioning its sentence, so long as the trial court accords the defendant "a presumption of innocence" and does not view the completion of the ARD "as evidence of criminal conduct." ***Knepp***, 453 A.2d at 1019. The court concluded:

> It is clear, in the instant case, that the sentencing judge did not improperly consider the ARD information because he states in his opinion. "In our opinion a judge would be remiss to be blind to past activities involving abuse of a firearm, *even though criminality did not ultimately attach.*" (emphasis added). In addition, the sentence imposed is within sentencing guidelines and cannot be termed excessive or too severe. Therefore, we find that the sentencing judge did not ignore the presumption of innocence nor regard the ARD information as evidence of criminal conduct. It is also of note that the charges, both in the instant case and those brought against the defendant before, involve a crime of violence. The sentencing judge makes it very clear that that was his major consideration in the imposition of sentence.

- 11 -

*Id.* (emphasis in original). In addition to case law, the sentencing guidelines also mandate consideration of unprosecuted criminal conduct when a prior record score inadequately reflects a defendant's criminal background. In 204 Pa. Code § 303(5)(d), relating to adequacy of the prior record score, the sentencing guidelines provide that the court "may consider at sentencing prior convictions, juvenile adjudications or dispositions not counted in the calculation of the Prior Record Score, in addition to other factors deemed appropriate by the court." **P.L.S.**, 894 A.2d at 131 (citing 204 Pa. Code § 303.5(d)).

Moreover, and specifically relating to DUI offenses, Section 3806 of the Vehicle Code, 75 Pa.C.S.A. § 3806, relating to prior offenses, provides in part that:

> **(a) General rule.--**Except as set forth in subsection (b), the term "prior offense" as used in this chapter shall mean any conviction for which judgment of sentence has been imposed, adjudication of delinquency, juvenile consent decree, **acceptance of [ARD]** or other form of preliminary disposition before the sentencing on the present violation for any of the following:
>
> > (1) **an offense under section 3802 (relating to driving under influence of alcohol or controlled substance)**;
> >
> > (2) an offense under former section 3731;
> >
> > (3) an offense substantially similar to an offense under paragraph (1) or (2) in another jurisdiction; or
> >
> > (4) any combination of the offenses set forth in paragraph (1), (2) or (3).
>
> **(b) Timing.--**
>
> > (1) For purposes of sections 1553(d.2) (relating to occupational limited license), 1556 (relating to ignition interlock limited license), 3803 (relating to

- 12 -

grading), 3804 (relating to penalties) and 3805 (relating to ignition interlock), the prior offense must have occurred:

(i) within 10 years prior to the date of the offense for which the defendant is being sentenced; or

(ii) on or after the date of the offense for which the defendant is being sentenced.

(2) The court shall calculate the number of prior offenses, if any, at the time of sentencing.

(3) If the defendant is sentenced for two or more offenses in the same day, the offenses shall be considered prior offenses within the meaning of this subsection.

75 Pa.C.S.A. § 3806 (emphasis added). Thus, under Section 3806(a), "**acceptance of ARD**, or other forms of preliminary dispositions, constitutes the equivalent of a conviction for sentencing purposes." *Commonwealth v. Love*, 957 A.2d 765, 768 (Pa. Super. 2008) (citing the former Section 3806 of the Vehicle Code) (emphasis added).

Here, consistent with case law and the sentencing guidelines, the trial court was permitted to consider Appellant's completion of the ARD program for a prior DUI offense in crafting his sentence. In addition, the trial court also could have regarded his acceptance into the ARD program as a conviction under Section 3806. Thus, based on the foregoing, we conclude that the trial court did not abuse its discretion in considering, as an aggravating factor, Appellant's completion of the ARD program for a previous DUI offense. At sentencing, the trial court remarked:

I have carefully listened to the evidence that was presented at trial and found [Appellant] guilty on all counts. I have also carefully listened to the evidence, the arguments, the pleas that were made here today. I thoroughly reviewed the

- 13 -

presentence report that was compiled in this matter when considering the sentence.

Mr. Schillinger, there's no doubt that you did not intend to take the life of Miss Rikki Fleming. However, life is full of unintended consequences. You chose to drink then drive your car knowing that it was illegal to do so. Your blood alcohol was a .231, nearly three times the legal limit. The consequence of your drinking and driving has caused the collision that took the life of the young lady, Miss Rikki Fleming.

You have had a previous warning about the dangers of drinking and driving with your prior driving under the influence and your successful completion of the [ARD] program. I was struck that you only completed that probation slightly over a year prior to that fateful night of February 16, 2013. I find that to be an aggravating factor. Prior to your incarceration back in May, you were a productive member of society. Having been consistently employed and by reading all of the sincere letters on your behalf, a very valuable employee to each of the companies that you worked for. You are a good son and brother and a friend to many. However, even individuals of good character have lapses in judgment. It is unfortunate that you had such. It is unfortunate that yours caused such a severe consequence.

In each of your letters, your friends and family speak of your remorse. I see that you have expressed sorrow to the Fleming family. Nevertheless, they have lost forever their beloved Rikki.

You're still a young man. You say that you've lived and learned and that you are going to continue to make life good not only for yourself but others. You say continue, see you completed the Hope program at the Allegheny County Jail and you have been a faithful attendee of Alcoholic's Anonymous. Hopefully, you will do that.

N.T. Sentencing, 8/6/15, at 64-66. As stated, Appellant previously had been charged with DUI, and accepted into the ARD program, which he successfully completed. However, about a year later, he engaged in the same crime again. The consequences this time were more severe—an eighteen-year-old girl, Rikki Fleming, lost her life because of Appellant's actions. Although the trial court emphasized the tragic nature of the incident, it also provided adequate rationale for the aggravated-range

sentence. Here, the trial court had the benefit of observing Appellant, hearing argument regarding all of the relevant circumstances, and reviewing his presentence investigation report.[10] The trial court stated its reasons for its determination that a sentence in the aggravated range best serves the interests of the community and the rehabilitative needs of Appellant. Because the record does not reveal any abuse of discretion, we have no cause to disturb the trial court's determination.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/27/2017

---

[10] "Where the sentencing [judge] had the benefit of a [PSI], we can assume the sentencing [judge] was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." **Moury**, 992 A.2d at 171; **see also Commonwealth v. Fowler**, 893 A.2d 758, 766 (Pa. Super. 2005) ("Since the sentencing court had and considered a [PSI], this fact alone was adequate to support the sentence, and due to the court's explicit reliance on that report, we are required to presume that the court properly weighed the mitigating factors present in the case.").